# STATE OF MICHIGAN

# COURT OF APPEALS

NATIONAL CHURCH RESIDENCES INC.,
JAMES RIVER CASUALTY CO., and,
MADISON HEIGHTS WIN LIMITED
DIVIDEND HOUSING ASSOCIATION
LIMITED PARTNERSHIP,

        Plaintiffs-Appellees,

v

SHERYLE R. PORTER,

        Defendant-Appellant.

UNPUBLISHED
June 20, 2017

No.  332200
Oakland Circuit Court
LC No.  2015-146847-NZ

Before:  MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant, Sheryle Porter, appeals as of right from the March 11, 2016 final order of the trial court granting plaintiffs' motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and granting plaintiffs injunctive relief.  We affirm.

The present action arises out of a long running dispute between Porter and the owners and managers of her former apartment complex, plaintiffs National Church Residences Inc. (National Church) and Madison Heights Win Limited Dividend Housing Association (Madison Heights), as well as the apartment complex's insurer, plaintiff James River Casualty Co. (James River).  The dispute appears to have its genesis in June of 2013 when the toilet in Porter's apartment experienced a leak and, according to Porter, either was not repaired by maintenance or was negligently repaired resulting in her apartment flooding.  Porter contends that this flooding caused her to develop a toe fungus for which plaintiffs owe her damages.  Porter submitted claims to James River but, after an investigation by its adjuster, James River denied the claim. National Church's own investigation was unable to confirm Porter's allegations of flooding and determined that Porter was not entitled to any damages.  Porter then filed complaints with several state agencies and began litigation in federal court.  Following the dismissal of those actions by the relevant state agencies and the federal district court, Porter executed and filed a Notice of Lis Pendens and Claim of Lien with the Oakland County Register of Deeds Office claiming to have a lien against the apartment complex.

-1-

Porter then filed a complaint in the Oakland Circuit Court alleging that she was lawfully entitled to possession of the apartment complex and requesting a court appointed receiver. The complaint was filed by Porter on a pro se basis, and while difficult to discern, it appears to allege that Porter is entitled to possession of the apartment complex for plaintiffs' refusal to pay her damages from her leaky toilet and subsequent toe fungus. The complaint was ultimately dismissed under MCR 2.116(C)(8) (failure to state a claim). However, during the pendency of that action, Porter filed numerous deeds with the Oakland County Register of Deeds Office transferring the property to herself. Porter signed the deeds as both the receiving party and the transferring party. Plaintiffs then commenced this suit seeking equitable relief to enjoin Porter from further attempts to transfer the property and from further attempts to sue plaintiffs. After this action was commenced, Porter filed documents with the Ohio Secretary of State's Office, the Michigan Department of Licensing and Regulatory Affairs, and the Michigan Department of Attorney General attempting to dissolve National Church and Madison Heights as legal entities and attempting to cancel their certificates to conduct business. Porter has at numerous times asserted to various governing entities in the numerous deeds and documents that she filed that she is a trustee of plaintiffs, a co-owner of plaintiffs, and a judgment creditor of plaintiffs.

The trial court entered preliminary orders granting plaintiffs a preliminary injunction and granting them summary disposition under MCR 2.116(C)(8) on Porters counterclaims. The trial court entered its final order on March 11, 2016 granting plaintiffs summary disposition on their complaint and ordering that the liens Porter filed against the property and the deeds she filed purporting to transfer the property to herself all "be stripped from the chain of title against the Property." The trial court also ordered that the documents Porter filed attempting to dissolve plaintiffs and cancel their ability to conduct business be declared null and void, ordered that Porter be enjoined from having contact with plaintiffs, ordered that she be enjoined from taking any action on behalf of plaintiffs, ordered that Madison Heights and National Church were not dissolved, and ordered that Porter be enjoined from filing any legal claim against plaintiffs outside of the confines "of the above-captioned matter."

Upon review of the record, we affirm the decision of the trial court in all respects.[1] Plaintiffs' complaint alleged claims for abuse of process, slander of title, quiet title, and for a bill of peace.[2] "To recover upon a theory of abuse of process, [plaintiffs] must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v Dozorc*, 412 Mich 1, 30; 312 NW2d 585 (1981).

---

[1] We review the trial court's grant of summary disposition "de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). We review a trial court's grant of injunctive relief for an abuse of discretion. *Mich Coalition of State Employee Unions v Mich Civil Serv Comm'n*, 465 Mich 212, 217; 634 NW2d 692 (2001). A trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

[2] Plaintiffs also included a count for malicious prosecution, but the trial court's dismissed that count, and plaintiffs have not appealed that portion of the trial court's order.

"To establish slander of title . . . [plaintiffs] must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged [their] right in property, causing special damages." *B & B Investment Group v Gitler*, 229 Mich App 1, 8; 581 NW2d 17 (1997). Special damages can include litigation costs. *Id.* at 9. A quiet title claim may be brought to remove a cloud on title. *Adams v Adams*, 276 Mich App 704, 712, 712 n 2; 742 NW2d 399 (2007), and see MCL 600.2932 (a person who claims an interest in land may bring an action against anyone claiming an inconsistent interest in that land). "[A] bill of peace is a proper remedy to prevent the vexatious recurrence of litigation. A bill of peace will lie, after repeated trials at law and satisfactory verdicts, to have an injunction against further litigation." *Hooker Chems & Plastic Corp v Attorney General*, 100 Mich App 203, 208; 298 NW2d 710 (1980) (internal quotations and citation omitted).

Plaintiffs have sufficiently introduced evidence establishing all the elements to each of their claims, and Porter has not come forth with any evidence to challenge plaintiffs' proofs. Concerning plaintiffs' claim for abuse of process, plaintiffs put forth evidence that Porter filed liens and claims against their property for the purpose of attempting to transfer it to herself as an effort to get plaintiffs to pay her damages before any judgment or court order determining that she had the right to those damages. Additionally, plaintiffs provided numerous false and fraudulent deeds that Porter filed with the Oakland County Register of Deeds office and submitted the affidavit of their attorney stating that they have incurred over $15,000 in litigation costs on account of Porter's actions. This established evidence of plaintiffs' slander of title claim. Regarding the claim for quiet title, plaintiffs put forth evidence that the rightful owner of the real property was Madison Heights and that Porter clouded title to the property through the filing of various false and fraudulent deeds. In regards to the request for a bill of peace, plaintiffs put forth evidence of multiple actions that Porter filed against them in federal court, state court, and with state agencies, all of which were dismissed. Plaintiffs' evidence was unrebutted. Porter has not been able to articulate an argument, let alone produce evidence, as to why plaintiffs are not entitled to the relief requested, therefore, failing to show the existence of a genuine issue of material fact. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (stating that after the moving party comes forward with evidence to support its position the burden shifts to the nonmoving party to establish that a genuine factual dispute exists).

We also agree with the trial court that equitable relief was appropriate in this case and affirm the award fashioned by the trial court. Equitable relief is generally appropriate "when (1) justice requires it, (2) there is no adequate remedy at law, and (3) there exists a real and imminent danger of irreparable injury." *Head v Phillips Camper Sales & Rental Inc*, 234 Mich App 94, 110; 593 NW2d 595 (1999) (internal quotations and citation omitted). Both plaintiffs and the general public have a strong interest in ensuring that an improper cloud of title is not made over the affected property and that plaintiffs' ability to conduct business as legal entities is not eliminated by Porter's fraudulent conduct. Money damages would be insufficient to remove the cloud of title over plaintiffs' property or to correct the harm caused by Porter's attempts to dissolve plaintiffs' legal status or rescind their ability to lawfully conduct business in this state.

The trial court also did not err in granting plaintiffs summary disposition on the claims in Porter's counter-complaint. Porter labeled her counterclaims as: ex contractu, ex delicto, trustee ex maleficio, constructive fraud, and failure to perform official duty. However, she did not provide any explanation or articulate a factual basis for her claims beyond mere conclusory

statements. "[C]onclusory statements that are unsupported by allegations of fact on which they may be based will not suffice to state a cause of action." *State v CVS Caremark Corp*, 496 Mich 45, 63; 852 NW2d 103 (2014). Porter's counter-complaint, like all her pleadings in this and related matters, are difficult to follow, and, although they contain well known legal phrases, are often incomprehensible. At no point has Porter articulated any discernable legal theory as to how or why she is entitled to relief.

Finally, to the extent Porter challenges the trial court's grant of plaintiff's motion for a preliminary injunction, the issue is moot. An issue becomes moot when "a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *GMC v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). The trial court's final order granted plaintiffs a permanent injunction, so any decision we were to make on whether plaintiffs should have been granted a preliminary injunction cannot have a practical legal effect on this controversy. Therefore, we decline to consider any issue related to that order. *King v Mich State Police Dep't*, 303 Mich App 162, 192; 841 NW2d 914 (2013) (stating that this Court does not generally address moot questions).

Affirmed.

/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro