## B & B INVESTMENT GROUP v GITLER

Docket No. 189751. Submitted September 9, 1997, at Detroit. Decided March 24, 1998, at 9:00 A.M.

B & B Investment Group brought an action in the Oakland Circuit Court against Pat Gitler and her husband, Mel Gitler, seeking an order removing from the public records in the Oakland County Register of Deeds claims of interest that Pat Gitler had filed with respect to seven properties owned by the plaintiff, an order restraining the defendants from making further claims of interest, and damages for slander of title. The court, John O'Brien, J., issued an order restraining the defendants from filing any further claims of interest against properties owned by the plaintiff until further order of the court and an order releasing and discharging the claims of interest that had been filed previously. The claim for damages for slander of title went to mediation, which resulted in an evaluation for the plaintiff and against both defendants, which the plaintiff accepted and the defendants rejected. The matter was removed to the 52nd District Court. The defendants jointly offered to stipulate a judgment, which the plaintiff rejected. The plaintiff made a counteroffer, to which the defendants made no response. Following a trial, the district court, Michael A. Martone, J., found no cause of action against Mel Gitler, found that Pat Gitler had slandered the titles of the plaintiff's properties with malicious intent and in wilful and wanton disregard of the plaintiff's rights under circumstances in which she had no cognizable interest in the properties and was aware that it was improper to file such claims of interest, and awarded the plaintiff attorney fees and exemplary damages. Thereafter, Pat Gitler filed another claim of interest against one of the plaintiff's properties, without having secured leave from the court to do so. The district court found Pat Gitler in contempt of court by reason of her violation of the previously entered restraining order, but allowed her to purge herself of the contempt by removing her claim of interest from the records of the register of deeds and paying the plaintiff additional attorney fees. When Pat Gitler failed to pay the plaintiff the attorney fees required to be paid under the order of contempt, the district court again held Pat Gitler in contempt of court for failing to abide by the prior order of contempt and ordered her to pay the plaintiff further attor-

ney fees. The district court entered a further order of contempt and ordered payment to the plaintiff by Pat Gitler of yet more attorney fees as a result of having found that she had given perjured testimony at a creditor's exam brought by the plaintiff to enforce its judgment. The defendants appealed to the Oakland Circuit Court, which, John J. McDonald, J., affirmed the judgment and the various orders of the district court. The defendants thereafter appealed to the Court of Appeals by leave granted.

The Court of Appeals *held*:

1. A slander of title claim may be brought pursuant to § 8 of the marketable record title act, MCL 565.108; MSA 26.1278. To establish a slander of title claim under either the act or the common law, a plaintiff must show three elements: falsity, malice, and special or pecuniary damages.

2. Where a claim is statutory, exemplary damages may be awarded only where there is an express provision of or a legislative history from which one can infer a legislative intent to provide such an unusual remedy. There is nothing in either the language or the legislative history of the act to establish an intent to provide for exemplary damages. Accordingly, the district court's award of exemplary damages was improper and must be vacated.

3. MCL 565.108; MSA 26.1278 provides that upon finding that a plaintiff has established that there has been slander of title, a court "shall award the plaintiff all the costs of such an action, including such attorney fees as the court may allow." The statute contemplates the recovery of attorney fees, at the court's discretion, expended in actions for slander of title, not merely those attorney fees attributable to quieting title. Accordingly, the district court properly did not limit its consideration to only those attorney fees incurred by the plaintiff before the date the cloud on the titles had been removed by the circuit court's entry of its order discharging the claims of interest.

4. The defendants are not entitled to costs and attorney fees as sanctions under the offer of judgment rule, MCR 2.405. Even with the vacation of the award of exemplary damages, the amount of the remaining award of attorney fees exceeds the amount of the average offer. Although the district court found no cause of action against Mel Gitler, the court did not err in considering the aggregate recovery in deciding not to award offer of judgment sanctions to Mel Gitler, inasmuch as the defendants had submitted a joint offer of judgment.

5. Because the slander of title provision provides for the awarding of attorney fees in the limited circumstances where a claim of interest has been filed for the purpose of slandering title and the

district court expressly found that defendant Pat Gitler acted with malicious intent and in wilful and wanton disregard of the plaintiff's rights, the district court did not abuse its discretion in awarding prejudgment interest, even though the judgment was for the statutorily authorized attorney fees.

6. It was an abuse of discretion for the district court to enter the separate awards of attorney fees at the conclusion of the respective contempt proceedings without first having held evidentiary hearings to determine the reasonableness of those awards. On remand, the district court must hold an evidentiary hearing to determine reasonable attorney fees, at which the court must consider the factors set forth in *Wood v DAIIE*, 413 Mich 427 (1982), in making its factual findings regarding the actual time spent on the case and determining a reasonable attorney fee. Because the defendants have failed to show any actual bias or prejudice on the part of the district court judge, it is unnecessary to assign the case to a different judge on remand.

Affirmed in part, reversed in part, and remanded.

1. TORTS — SLANDER OF TITLE — MARKETABLE RECORD TITLE ACT — ELEMENTS.

A plaintiff seeking to establish a slander of title claim under the slander of title provision of the marketable record title act must establish three elements: falsity, malice, and special or pecuniary damages (MCL 565.108; MSA 26.1278).

2. DAMAGES — EXEMPLARY DAMAGES — STATUTORY ACTIONS.

Exemplary damages may be awarded in statutory actions only where there is an express provision of or a legislative history from which one can infer a legislative intent to provide such an unusual remedy.

3. TORTS — SLANDER OF TITLE — EXEMPLARY DAMAGES — MARKETABLE RECORD TITLE ACT.

Exemplary damages may not be awarded in an action brought under the slander of title provision of the marketable record title act (MCL 565.108; MSA 26.1278).

4. TORTS — SLANDER OF TITLE — ATTORNEY FEES.

The slander of title provision of the marketable record title act contemplates the recovery, at a court's discretion, of all of the attorney fees expended in an action for slander of title, not merely those attorney fees attributable to quieting title (MCL 565.108; MSA 26.1278).

5. TORTS — SLANDER OF TITLE — ATTORNEY FEES — PREJUDGMENT INTEREST.
   Prejudgment interest may be awarded on a judgment entered under the slander of title provision of the marketable record title act even though that judgment includes an award of attorney fees pursuant to that act for attorney services rendered after the filing of the complaint (MCL 565.108, 600.6013; MSA 26.1278, 27A.6013).

*Sills, Law, Essad, Fiedler & Charboneau, P.C.* (by *Ernest J. Essad, Jr.,* and *David W. Geiss*), for the plaintiff.

*Cox, Hodgman & Giarmarco* (by *William H. Horton* and *Linda M. Watson*), for the defendants.

Before: HOLBROOK, JR., P.J., and WHITE and R. J. DANHOF*, JJ.

PER CURIAM. In this statutory slander of title action, defendants appeal by leave granted the circuit court's order affirming the district court's judgment awarding plaintiff $30,000 in attorney fees and $7,500 in exemplary damages and various other orders of the district court. We affirm the award of attorney fees, vacate the award of exemplary damages, and remand in part.

I

Following a six-day bench trial, the district court issued an opinion and order from which we take these facts. Plaintiff[1] and defendant Pat Gitler (defendant) entered into a business relationship during either 1990 or 1991. The parties contemplated that plaintiff and defendant would join together to purchase real estate from mortgage foreclosures and

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff, a Michigan copartnership, is a private investment firm that acquires, renovates, and resells residential and commercial properties obtained at foreclosure sales by the county sheriff.

sheriff's sales. Before their venture, the two were in competition with one another for selected properties and both were experienced in these types of real estate transactions.

During the course of the relationship, a dispute arose over the disbursement of certain funds from two particular pieces of property unrelated to this lawsuit. The parties were unable to resolve their dispute, and defendant caused claims of interest to be filed against seven other properties owned by plaintiff at that time. The claims of interest were filed as a matter of public record with the Oakland County Register of Deeds.

In March 1992, plaintiff filed suit, seeking removal of the claims of interest and monetary and equitable relief for the alleged slander of title. After hearings concerning the dispositive motions, the circuit court, in late June 1992, entered an order discharging the claims of interest, finding that the claims were discharged, released, and held for naught ab initio. The circuit court's order did not address the remaining slander of title claim, and, after mediation, the case was removed from the circuit court to the district court for trial.

The district court found no cause of action against defendant's husband, Mel Gitler. The court found that defendant had slandered the title of plaintiff's seven properties with malicious intent and in wilful and wanton disregard of plaintiff's rights under circumstances in which she had no cognizable interest in the properties, was aware that it was improper to file such claims of interest, and had been advised not to do so. The court further found that defendant made several public statements that demonstrated her

intention to injure plaintiff and its business. The court awarded plaintiff $30,000 in attorney fees and $7,500 in exemplary damages.

II

Defendants[2] first argue that exemplary damages are not available under the slander of title statute, MCL 565.108; MSA 26.1278. This is an issue of first impression, which we review de novo.[3] *Welch Foods, Inc v Attorney General*, 213 Mich App 459, 461; 540 NW2d 693 (1995).

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996). If reasonable minds can differ concerning the meaning of a statute, judicial construction is appropriate. *Heinz, supra.* The court must look to the object of the statute and to the harm it is designed to remedy and must apply a reasonable construction that best accomplishes the purpose of the statute. *Marquis v Hartford Accident*

---

[2] Although aggrieved by only one of the rulings appealed, Mel Gitler is included generally as an appellant in all filings in this Court.

[3] We note that this issue is not likely to arise again because future slander of title suits will likely be brought under MCL 565.25; MSA 26.543 and MCL 600.2907a; MSA 27A.2907a, which took effect March 31, 1997, while this appeal was pending. MCL 600.2907a; MSA 27A.2907a, expressly permits the award of exemplary damages to an owner of property for "encumbering property through the recording of a document without lawful cause with intent to harass or intimidate any person" in violation of MCL 565.25; MSA 26.543.

& *Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994).

The language of a statute should be read in light of previously established rules of the common law, including common-law adjudicatory principles. *Nummer v Dep't of Treasury*, 448 Mich 534, 544; 533 NW2d 250 (1995). Well-settled common-law principles are not to be abolished by implication, and when an ambiguous statute contravenes common law, it must be interpreted so that it makes the least change in the common law. *Marquis, supra.* Conversely, legislation must be interpreted in conformance with its express terms, even if in conflict with the common law. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996). Statutes in derogation of the common law are narrowly construed. *Rusinek v Schultz, Snyder & Steele Lumber Co*, 411 Mich 502, 507-508; 309 NW2d 163 (1981).

MCL 565.108; MSA 26.1278, which is part of the marketable record title act, MCL 565.101 *et seq.*; MSA 26.1271 *et seq.*, provides:

> No person shall use the privilege of filing notices hereunder for the purpose of slandering the title to land, and in any action brought for the purpose of quieting title to land, if the court shall find that any person has filed a claim for that reason only, he shall award the plaintiff all the costs of such action, including such attorney fees as the court may allow to the plaintiff, and in addition, shall decree that the defendant asserting such claim shall pay to plaintiff all damages that plaintiff may have sustained as the result of such notice of claim having been so filed for record.

In Michigan, slander of title claims have both a common-law and statutory basis. Slander of title has been recognized at common law since at least 1900 as a remedy for malicious publication of false statements that disparage a plaintiff's right in property. See 2 Cameron, *Michigan Real Property Law* (2d ed), Slander of Title, § 30.18, pp 1461-1462, and cases cited therein, including *Harrison v Howe*, 109 Mich 476; 67 NW 527 (1896), and *Michigan Nat'l Bank-Oakland v Wheeling*, 165 Mich App 738; 419 NW2d 746 (1988).

To establish slander of title at common law, a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages. See *Sullivan v Thomas Organization, PC*, 88 Mich App 77, 82; 276 NW2d 522 (1979); *Michigan Real Property Law, supra* at 1461; 50 Am Jur 2d, Libel and Slander, § 554, p 847. Pecuniary or special damages must be shown in order to prevail on a claim. *Id.*, citing *Patten Corp v Canadian Lakes Development Corp*, 788 F Supp 975 (WD Mich, 1991); anno: *What constitutes special damages in action for slander of title*, 4 ALR4th 532, § 2, pp 536-537 (noting that "the existence of special damages is an element of a cause of action for slander of title").

The same three elements are required in slander of title actions brought under MCL 565.108; MSA 26.1278. *GKC Michigan Theatres, Inc v Grand Mall*, 222 Mich App 294, 301; 564 NW2d 117 (1997). But see *Stanton v Dachille*, 186 Mich App 247, 262; 463 NW2d 479 (1990) (stating that "the elements of slander of title are falsity of statement and malice").

In Michigan, special damages have been recognized to include litigation costs, see *Chesebro v Powers*, 78 Mich 472; 44 NW 290 (1889); impairment of vendibility, see *Sullivan, supra* at 85, and loss of rent or interest, *Harrison, supra*. See also 2 Stockmeyer, *Michigan Law of Damages* (2d ed), §§ 16B.30-16B.35, pp 16B.27-16B.29, and 50 Am Jur 2d, Libel and Slander, § 560, pp 853-855.

We note that there are only two reported slander of title cases in Michigan brought under MCL 565.108; MSA 26.1278, *Stanton, supra*,[4] and *GKC Michigan Theatres, supra*.[5] Exemplary damages have not been awarded in any Michigan slander of title case, either common-law or statutory. However, exemplary damage awards in intentional tort cases have been considered proper if they compensate a plaintiff for the humiliation, sense of outrage, and indignity resulting

---

[1] In *Stanton*, this Court affirmed the lower court's grant of summary disposition for the plaintiffs where the defendants failed to show that the plaintiffs' claims of interest were filed with malice and an intent to injure the defendants. 186 Mich App 262-263.

[5] In *GKC*, this Court reversed the circuit court's grant of summary disposition for the defendant on the basis that issues of material fact remained regarding whether the filing of the invalid notice of termination was a substantial factor in the purchaser's decision to delay the sale of the property and held that the substantial factor test set forth in 3 Restatement Torts, 2d, § 632, p 352, is the appropriate test to determine whether causation exists in a slander of title claim. 222 Mich App 301-304.

Both *Stanton* and *GKC, supra*, involved summary disposition and issues not pertinent here. *Stanton* stated that "[t]he elements of slander of title are falsity of statement and malice," citing one case that involved a common-law slander of title claim. 186 Mich App 262. In *GKC*, a case decided during the pendency of this appeal, this Court stated: "In order to prove its slander of title claim, plaintiff must establish that defendant 'maliciously published false matter disparaging [plaintiff's] title, causing it special damages.'" 222 Mich App 301.

Assuming that special damages are a required element in a statutory slander of title action, plaintiff established special damages in the form of attorney fees expended to remove the cloud from the titles. See *Sullivan, supra* at 85; *GKC, supra* at 301.

from injuries maliciously, wilfully, and wantonly inflicted by the defendant. *Kewin v Massachusetts Mut Life Ins Co*, 409 Mich 401, 419; 295 NW2d 50 (1980) (citing cases involving assault and battery and libel). The theory of these cases is that the reprehensibility of the defendant's conduct both intensifies the injury and justifies the award of exemplary damages as compensation for the harm done to the plaintiff's feelings. *Id.*

Nonetheless, where a cause of action is statutorily based, there must be a basis in the statute for awarding exemplary damages, i.e., either an express provision or a legislative history from which one could infer "a legislative intent to provide such an unusual remedy." *Eide v Kelsey-Hayes Co*, 431 Mich 26, 54-55; 427 NW2d 488 (1988) (GRIFFIN, J.[6]); *Peisner v Detroit Free Press, Inc*, 421 Mich 125, 134-135, n 10; 364 NW2d 600 (1984). We conclude there is no such statutory basis here; there is neither an express provision nor a legislative history from which one could infer a legislative intent to provide exemplary damages. In enacting other statutes, the Legislature has included words expressly providing for exemplary damages where it has intended that they be recoverable. See *Eide, supra* at 55, and statutes there cited; see also n 3, *supra.*

The Legislature having failed to include such language in this instant statute, we conclude that exemplary damages are not properly awarded under MCL

---

[6] The majority opinion agreed with Justice GRIFFIN's partial dissent with respect to the question whether exemplary damages could be awarded separate from actual damages for violations of the Civil Rights Act. 431 Mich 28-29, 38.

565.108; MSA 26.1278, and we vacate the trial court's award of exemplary damages in the amount of $7,500.

III

Defendants next argue that plaintiff is only entitled to attorney fees incurred up to the time the cloud on its titles was removed, which occurred when the circuit court entered an order discharging the claims of interest in late June 1992. Plaintiff argues that there is nothing in the statute's language limiting the attorney fees the court may award.

We reject defendants' argument. The plain language of the statute does not limit the award of attorney fees and grants the court discretion in awarding such fees; the statute states that "if the court shall find that any person has filed a claim for that reason [to slander the title to land] only, he shall award the plaintiff all the costs of such action, including such attorney fees as the court may allow." The statute contemplates recovery of attorney fees, at the court's discretion, expended in actions for slander of title, not simply to quiet title. Further, even though the claims of interest were discharged in late June 1992, the trial of the slander of title claim was not held until November and December of 1993. And, while plaintiff did not prevail on the separate damage issues at trial, it was entitled to proceed to trial of the slander of title claim to recover the attorney fees and costs incurred as special damages and in seeking to recover these amounts. The trial court, in its discretion, awarded less than half of the attorney fees plaintiff requested. Under these circumstances, we conclude that the trial court did not abuse its discretion in its award of attorney fees.

IV

Defendants next argue that they are entitled to costs and attorney fees under the offer of judgment rule, MCR 2.405, because the average offer of $14,250 was more than the adjusted verdict once the improper exemplary damages and attorney fees are deleted and because the trial court found no cause of action against Mel Gitler.

In August 1993, defendants jointly offered to stipulate to entry of judgment in the amount of $3,500. Plaintiff rejected defendants' offer and counteroffered, stating it would agree to entry of judgment in the amount of $25,000. Defendants did not respond, thus rejecting plaintiff's counteroffer. Trial began on November 8, 1993. There is no dispute that the average offer was $14,250. The verdict as determined by the district court was for $37,500 and the adjusted verdict was $45,290.64.

We have vacated only the exemplary damage award of $7,500 and have upheld the award of attorney fees of $30,000 under the statute, thus the average offer remains less than the adjusted verdict.

Concerning Mel Gitler individually, defendants' brief on appeal simply asserts that he is entitled to sanctions because plaintiff did not recover against him. There is no discussion or analysis of the application of MCR 2.405 in multiple party situations. Considering his failure to support his argument, and because defendants submitted a joint offer of judgment, we conclude that the trial court did not err in considering the aggregate recovery in determining Mel Gitler's entitlement to sanctions under the rule. *J C Building Corp II v Parkhurst Homes, Inc*, 217 Mich App 421, 424-426; 552 NW2d 466 (1996).

V

Defendants next argue that the district court erred in awarding plaintiff prejudgment interest, in that the verdict for plaintiff was for costs and attorney fees. We review de novo an award of prejudgment interest under MCL 600.6013; MSA 27A.6013.[7] *Beach v State Farm Mut Automobile Ins Co*, 216 Mich App 612, 623-624; 550 NW2d 580 (1996). The prejudgment interest statute is remedial and to be construed liberally in favor of the plaintiff. *Phinney v Perlmutter*, 222 Mich App 513, 541; 564 NW2d 532 (1997). The purpose of prejudgment interest is to compensate the prevailing party for expenses incurred in bringing actions for money damages and for any delay in receiving such damages. *Phinney, supra* at 541.

The slander of title statute provides in pertinent part:

> [I]n any action brought for the purpose of quieting title to land, if the court shall find that any person has filed a claim for that reason [of slandering the title to land] only, he shall award the plaintiff all the costs of such action, including such attorney fees as the court may allow to plaintiff, and in addition, shall decree that the defendant asserting such claim shall pay to plaintiff all damages that plaintiff may have sustained as the result of such notice of claim having been so filed for record. [MCL 565.108; MSA 26.1278.]

Litigation costs, including attorney fees, have been held to constitute special damages recoverable in

---

[7] For cases filed on or after October 1, 1993, MCL 600.6013(6); MSA 27A.6013 was amended to provide in pertinent part:

Interest under this subsection shall be calculated on the entire amount of the money judgment, including attorney fees and other costs.

slander of title cases. *Sullivan, supra* at 85; *Chesebro, supra* at 479; see also anno, *supra*, 4 ALR4th, § 9, pp. 560-562.

In *Liddell v DAIIE*, 102 Mich App 636, 652-653; 302 NW2d 260 (1981), this Court held that prejudgment interest may be granted on an award of costs and attorney fees under the no-fault act for unreasonable refusal to pay or delay in making payments. In *Harvey v Gerber*, 153 Mich App 528, 530; 396 NW2d 470 (1986), this Court held that prejudgment interest under MCL 600.6013; MSA 27A.6013 does not apply to attorney fees awarded under the Michigan Consumer Protection Act (MCPA), because the MCPA allows for the recovery of "reasonable attorney fees" in addition to damages, thus sufficiently defraying the costs of litigation. The *Harvey* Court distinguished *Liddell*, and no-fault cases generally, on the basis that "under that act attorney fees are imposed only in limited circumstances to penalize recalcitrant insurers for unreasonably refusing to pay benefits." In *Janda v Detroit*, 175 Mich App 120, 131; 437 NW2d 326 (1989), this Court held that the award of interest on attorney fees is discretionary.

Because the instant statute is similar to the no-fault act in that it provides for attorney fees only in the limited circumstance where the claim of interest is filed solely for the purpose of slandering title, and because the trial court here expressly found that defendant acted with malicious intent, in wilful and wanton disregard of plaintiff's rights, we conclude that the trial court did not abuse its discretion in awarding prejudgment interest on its award of attorney fees under the statute. However, because we have vacated the award of exemplary damages,

remand is necessary for recalculation of prejudgment interest.

VI

Defendants' final argument is that they are entitled to an evidentiary hearing with respect to the reasonableness of attorney fees awarded during the contempt proceedings because the award of $12,500 was clearly excessive and without a factual basis. Defendants argue that the trial court failed to consider the issue of reasonableness and simply approved plaintiff's requests without conducting an inquiry. Defendants further argue that on remand the case be assigned to a different judge because of the trial judge's personal prejudice against them.

Plaintiff argues that defendants received adequate evidentiary hearings with respect to all of the attorney fees awarded for contempt sanctions and that, at three different proceedings, the trial court weighed unrebutted evidence presented by plaintiff's counsel and made factual findings concerning the reasonableness of the attorney fees plaintiff incurred as a result of defendant's filing of false liens in violation of the court's contempt order.

We review an award of attorney fees for abuse of discretion. *Petterman v Haverhill Farms*, 125 Mich App 30, 33; 335 NW2d 710 (1983). In *Wilson v General Motors Corp*, 183 Mich App 21, 42-43; 454 NW2d 405 (1990), this Court observed:

Where the opposing party challenges the reasonableness of the fee requested, the trial court should inquire into the services actually rendered prior to approving the bills of costs. . . . . Although a full-blown trial is not necessary, an

evidentiary hearing regarding the reasonableness of the fee request is.

In *Howard v Canteen Corp*, 192 Mich App 427, 437; 481 NW2d 718 (1992), this Court further noted:

> Where attorney fees are to be awarded, the court must determine the reasonable amount of fees according to the nonexclusive list of factors and guidelines set forth in *Wood v DAIIE* [413 Mich 573, 588; 321 NW2d 653 (1982)]. While the court is not required to detail its findings regarding each specific factor, it is required to make findings of fact with regard to the attorney fee issue.
>
> The most useful starting point for determining the amount of a reasonable attorney fee is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. The party seeking the fee bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.

In *Howard*, the trial court granted attorney fees after the plaintiff's counsel had submitted affidavits and other documentary evidence in support of her requested fees and oral arguments had been heard. In remanding for an evidentiary hearing regarding the issue of attorney fees, is court instructed the court to allow the plaintiff's counsel to present any evidence regarding her fee request and to allow the defendants the opportunity to challenge that evidence and directed the court to consider the *Wood* factors in making findings regarding the actual time spent on the case and in determining a reasonable attorney fee.

Similarly, in *Petterman, supra,* this Court remanded for an evidentiary hearing regarding the reasonableness of the attorney fee as a result of the trial court having accepted an itemized bill for attor-

ney fees on its face without actually considering the issue of reasonableness.

In the instant case, the district court did not hold an evidentiary hearing regarding the attorney fee issue at either contempt hearing. At the first contempt hearing, the district court adopted plaintiff's counsel's oral representations of the number of hours expended (15½) and granted fees based on the hourly rates defense counsel quoted for himself and an associate, (9½ hours at $200 an hour for lead counsel and 6 hours for an associate at $100 an hour), defense counsel's objections notwithstanding. At the second contempt hearing, the district court granted plaintiff's request for $5,000 in attorney fees, with no inquiry on the record into the reasonableness of the fee request, notwithstanding defense counsel's challenge to the fee award. At the third contempt hearing, the district court apparently ordered the payment of a further $5,000 in attorney fees without any basis for that award being placed on the record.

Under these circumstances, we remand for an evidentiary hearing to determine reasonable attorney fees. The trial court must consider the factors set forth in *Wood v DAIIE, supra,* in making its factual findings regarding the actual time spent on the case and determining a reasonable attorney fee.

We do not find it necessary to assign this case to a different judge on remand. A party who challenges a judge on the basis of bias or prejudice bears a heavy burden of overcoming the presumption of judicial impartiality. *In re Forfeiture of $1,159,420,* 194 Mich App 134, 151; 486 NW2d 326 (1992). An actual showing of personal prejudice is required before a trial judge will be disqualified. *Id.;* see also *People v*

*Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986). Although defendants claim that the district court judge should be disqualified under MCR 2.003(B)(1) because of his personal prejudice against defendants, the record fails to show actual bias or prejudice on the part of the district court judge.

We affirm the trial court's award of $30,000 in attorney fees, reverse the award of $7,500 in exemplary damages, and remand for a recalculation of prejudgment interest and for an evidentiary hearing to determine reasonable attorney fees, if any, to be awarded as a result of the contempt hearings.