*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES AMON GRANT,

      Plaintiff-Appellant,

v

MICHAEL NORMAN NOLAN,

      Defendant-Appellee,

and

DAVID ALLEN PITTS,

      Defendant.

UNPUBLISHED
July 2, 2020

No. 348521
Lapeer Circuit Court
LC No. 15-048563-CH

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals by leave granted the trial court's order granting defendant Michael Nolan's motion for a new trial after a jury entered its verdict finding that (1) defendants committed an assault and battery against plaintiff entitling him to $15,000 in damages, (2) defendants intentionally inflicted emotional distress upon plaintiff entitling him to $30,000 in damages, and (3) defendants' assault and battery of plaintiff entitled him to exemplary damages in the amount of $75,000 for the humiliation, embarrassment and outrage he experienced.[1]  For the reasons set forth below we reverse and remand for reinstatement of the jury's verdict.

## I.  FACTUAL BACKGROUND

Defendants unlawfully entered plaintiff's home and beat him over a remark plaintiff made regarding the price Nolan paid for a cow.  Plaintiff sued defendants for assault and battery,

---

[1] *Grant v Nolan*, unpublished order of the Court of Appeals, entered July 30, 2019 (Docket No. 348521).

intentional infliction of emotional distress, civil conspiracy, and for exemplary damages for defendants' conduct. At the conclusion of the trial, the trial court charged the jury with the instructions and provided the jury verdict forms which all parties agreed to. The trial court instructed the jury regarding the elements for each of plaintiff's claims and that they were to determine whether he met his burden by proving each and every element of each claim. The trial court explained that, to prevail on his intentional infliction of emotional distress claim, plaintiff had the burden of proving that defendants' conduct was extreme and outrageous, intentional or reckless, caused plaintiff severe emotional distress, and damages.

Because the parties did not request instructions explaining the distinction between exemplary and the calculation of general damages, the trial court did not instruct them in that regard. The trial court instructed the jury that exemplary damages could be awarded to compensate the plaintiff for intangible injuries to feelings not quantifiable in monetary terms, and that the purpose of such damages was for the humiliation, sense of outrage, and indignity resulting from injuries maliciously, willfully, and intentionally inflicted by defendants.

The trial court instructed the jury that plaintiff could satisfy his burden of proof if the jury found that the evidence persuaded it that it is more likely than not that the propositions on which plaintiff had the burden of proof were true. The trial court explained that that constituted the preponderance of the evidence standard.

The jury instructions and verdict forms were specifically agreed to before they were read to and provided to the jury and after they were read to the jury but before deliberations started. Before the jury returned their verdict in open court, after 27 minutes of deliberation, the trial court memorialized on the record its response to two questions it had received in the brief interregnum between when the jury was charged and when they reached their verdict. At no time did any party or counsel interpose *any* objections or articulate any concerns about *any* aspect of the jury instructions or jury verdict forms. After deliberating, the jury returned a verdict in favor of plaintiff and against defendants and specified in the jury verdict form the amount of damages to which they found plaintiff entitled for each of his claims.

Following the trial, Nolan moved for judgment notwithstanding the verdict, remittitur, or, in the alternative, for a new trial. Nolan argued that the jury impermissibly awarded plaintiff double recovery for emotional harm because the jury was only instructed regarding the calculation of exemplary damages, and the jury returned a verdict finding defendants liable for three separate damages awards. The trial court issued an opinion and entered an order granting Nolan a new trial. The trial court reasoned that, because it instructed the jury only on how to award exemplary damages, the jury awarded exemplary damages for each count and then again when the jury decided to award exemplary damages. The trial court explained that it presumed that the jury never determined whether plaintiff proved by a preponderance of the evidence entitlement to economic damages.

## II. STANDARD OF REVIEW

"A trial court's decision to grant or deny a motion for a new trial under MCR 2.611 is reviewed for an abuse of discretion." *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 761; 685 NW2d 391 (2004). "A trial court abuses its discretion when its decision falls outside the range of

reasonable and principled outcomes." *Mueller v Brannigan Bros Restaurants and Taverns, LLC*, 323 Mich App 566, 571; 918 NW2d 545 (2018).

## III. ANALYSIS

Plaintiff argues that Nolan failed to establish any ground for a new trial and that the trial court abused its discretion by granting a new trial on grounds that Nolan never raised. Plaintiff also argues defendants waived these arguments by affirmatively agreeing to all instructions and jury verdict forms utilized. Plaintiff asserts that the trial court abused its discretion by basing its decision on unfounded presumptions that the jury awarded plaintiff a double recovery because of its exemplary damages instruction. We agree that the trial court abused its discretion by disturbing the jury's verdict.

## A. WAIVER

Plaintiff correctly argues that Nolan waived and cannot argue on appeal that the trial court's decision should be affirmed because of the jury instructions since he expressly agreed to the proposed jury instructions and made no objection during or after the trial court instructed the jury with the instructions to which the parties all agreed. "Waiver is the voluntary and intentional relinquishment of a known right." *Varran v Granneman (On Remand)*, 312 Mich App 591, 623; 880 NW2d 242 (2015) (citation omitted). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (citation and quotation marks omitted).[2] Waiver generally applies to prevent a party from asserting a claim of error on appeal that the party deemed proper in the trial court. Failure to properly raise a claim of error before the trial court in a civil case normally constitutes a waiver of that claim. *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008); see also *Johnson Family Ltd Partnership v White Pine Wireless*, LLC, 281 Mich App 364, 377-378; 761 NW2d 353 (2008).

In this case, the record reflects that the trial court held a conference with the parties regarding the jury instructions and the verdict forms to present to the jury for their determination of the issues presented in this case. After that conference, the trial court required the parties' placement on the record their affirmation of their approval of the instructions and verdict forms. Each defendant affirmed his satisfaction with the instructions and verdict forms. After the trial court instructed the jury and explained the verdict forms's use to them, the trial court asked each party if he had any issue with the instructions given to the jury. Each defendant and plaintiff confirmed their respective approval of the instructions and the verdict forms provided to the jury. In so doing, all parties voluntarily and intentionally relinquished their respective rights to claim any error regarding the jury instructions and the verdict forms, and they waived any right to seek a new trial on the ground that the trial court failed to properly instruct the jury or provide them an adequate verdict form. Their waivers extinguished any claim of error.

---

[2] Similarly, "[a] party may not claim as error on appeal an issue that the party deemed proper in the trial court because doing so would permit the party to harbor error as an appellate parachute." *Bates Assoc, LLC v 132 Assoc, LLC*, 290 Mich App 52, 64; 799 NW2d 177 (2010).

## B. GROUNDS FOR A NEW TRIAL WERE NOT DEMONSTRATED

MCR 2.611(A)(1) defines the grounds on which a trial court may order a new trial. MCR 2.611(A)(1) provides:

(1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

(a) Irregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion which denied the moving party a fair trial.

(b) Misconduct of the jury or of the prevailing party.

(c) Excessive or inadequate damages appearing to have been influenced by passion or prejudice.

(d) A verdict clearly or grossly inadequate or excessive.

(e) A verdict or decision against the great weight of the evidence or contrary to law.

(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at trial.

(g) Error of law occurring in the proceedings, or mistake of fact by the court.

(h) A ground listed in MCR 2.612 warranting a new trial.

MCR 2.612(C) specifies the following grounds on which a trial court may provide a party relief from a judgment:

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

In this case, other than the jury instructions and verdict forms to which all universally agreed, the record does not indicate that any irregularities occurred in the proceedings that affected any party's rights or resulted in an unfair trial. The record also reflects no misconduct by the jury or plaintiff. Nor does the record reflect that the jury entered an inadequate or excessive verdict. Sufficient evidence in the record supported each of the jury's liability findings against defendants and in favor of plaintiff on his claims. Nothing supports any allegation of inadequacy or excessiveness of the amount of damages the jury awarded respecting defendants' joint liability for each of plaintiff's claims. Nolan presented no new evidence and did not argue that he discovered any that should have been presented and considered by the jury. The record does not indicate any unwaived error of law or mistake of fact by the trial court. The grounds set forth in MCR 2.612 are also not apparent in the record warranting relieving defendants from the jury's decisions.

The trial court's opinion issued following the hearing on Nolan's motion reflects that it reviewed the record and found that the parties all agreed to the jury instructions that it gave. The trial court, however, stated:

Because the jurors were only instructed on how to award exemplary damages, this court can only presume the jury awarded exemplary damages for each count and did so again for the separate question on the exemplary damages. Also, because the jury was instructed to consider intangible injuries in their estimation of damages, presumably the jury never reached the question of whether the plaintiff's economic damages were proved by a preponderance of the evidence.

The inadequate jury instructions are an error of law that materially affected the defendants' right to a trial decided by a properly instructed jury.

"Generally, under Michigan law, only one recovery is allowed for an injury." *Grace v Grace*, 253 Mich App 357, 368; 655 NW2d 595 (2002). In tort cases, actual damages include damages for all the legal and natural consequences of an injury, including economic loss, pain and suffering, and mental and emotional distress. *Hannay v Dep't of Transp*, 497 Mich 45, 65; 860 NW2d 67 (2014). Exemplary damages, however, may be awarded in intentional tort cases to "compensate a plaintiff for the humiliation, sense of outrage, and indignity resulting from injuries maliciously, willfully and wantonly inflicted by the defendant." *B & B Investment Group v Gitler*, 229 Mich App 1, 9-10; 581 NW2d 17 (1998) (citation omitted). "The theory of these cases is that the reprehensibility of the defendant's conduct both intensifies the injury and justifies the award of exemplary damages as compensation for the harm done to the plaintiff's feelings." *Id*. at 10. "It is not essential to present direct evidence of an injury to the plaintiff's feelings. Rather, the question is whether the injury to feelings and mental suffering are natural and proximate in view of the nature of the defendant's conduct." *McPeak v McPeak*, 233 Mich App 483, 490; 593 NW2d 180 (1999) (citation omitted).

In this case, the record establishes that the trial court adequately instructed the jury respecting the elements of each of plaintiff's claims. Further, the trial court's instruction on exemplary damages appropriately differentiated the legal bases for and required different evidentiary proof for awarding exemplary damages. The instructions provided by the trial court on exemplary damages specifically explained that such damages could be awarded only if plaintiff proved that he suffered distinct injury to his feelings such as humiliation, outrage, and indignity caused by defendants' intentional, malicious, and willful conduct against plaintiff. The trial court also instructed the jury on plaintiff's burden of proof respecting each of his claims and that they had to decide whether plaintiff proved by a preponderance of the evidence each of the elements of his claims. "[J]urors are presumed to follow their instructions." *Lenawee Co v Wagley*, 301 Mich App 134, 161; 836 NW2d 193 (2013).

Further, the trial court provided the jury a verdict form that included separate damage calculations for assault and battery, intentional infliction of emotional distress, and exemplary damages. Regarding exemplary damages, the jury verdict form asked, "[d]oes the assault and battery by the Defendants upon James Grant entitle James Grant to exemplary damages for such humiliation, embarrassment and/or sense of outrage?" If the jury answered affirmatively, the verdict form required that the jury answer "what is the total amount of exemplary damages that James Grant is entitled to receive for such humiliation, embarrassment, and/or sense of outrage?" The verdict form appropriately distinguished exemplary damages from other types of damages.

Also, in their summations to the jury, both counsel and pro se defendant separated their arguments in a logical and orderly fashion as to the issues and the difference between actual economic damages and exemplary damages.

The fact that the jury instructions agreed upon by the parties did not define actual damages in greater detail, and the fact that the verdict form to which the parties agreed did not define in greater detail a breakdown of the specific categories of damages, does not necessitate the conclusion that the jury awarded plaintiff exemplary damages for each of his claims. The record reflects that the jury distinguished each claim, considered the evidence and determined defendants' liability respecting each claim, and awarded plaintiff separate and distinct amounts of damages for each of plaintiff's claims.

The evidence established that defendants went to plaintiff's home, struck him in the face when he opened his door, pushed their way into plaintiff's home, forced him over his couch, and defendants held plaintiff down while they beat his head and face causing him lacerations and bruising about his head. Evidence also established that plaintiff suffered both economic damages as a result of defendants' assault and battery and noneconomic damages including pain and suffering. Evidence established that defendants' extreme and outrageous conduct caused plaintiff severe emotional distress during the brutal attack warranting an award of damages. Further, the evidence established that plaintiff suffered personal humiliation, a sense of outrage, and indignity as a result of defendants' malicious, willful, and wanton conduct. Plaintiff's testimony established that he suffered personal debasement from their conduct that altered his sense of freedom and self-esteem to the point that he felt that he could not feel comfortable doing the things he used to do in his community.

The record does not logically support the presumptions relied upon by the trial court to disturb the jury's verdict. The instructions did not conflate the concept of actual damages with the concept of exemplary damages. The instructions adequately differentiated plaintiff's claims, the separate elements plaintiff had to prove, and properly set forth his burden of proof to prevail on each claim. The exemplary damages instructions provided an adequate guide for the jury to carry out its duty to determine if plaintiff established entitlement to an award of exemplary damages for defendants' malicious, willful, and wanton conduct against plaintiff. As this Court explained in *Shaw v Ecorse*, 283 Mich App 1, 17; 770 NW2d 31 (2009) (citation omitted), "If the award falls reasonably within the range of the evidence and within the limits of what reasonable minds would deem just compensation, it should not be disturbed." Here, sufficient evidence on the record supported the jury's award of exemplary damages. Nothing in the record indicates that the separate amounts of damages the jury awarded plaintiff for each of his claims unjustly compensated plaintiff or provided him double recovery. The trial court, therefore, abused its discretion by disturbing the jury's verdict.

Generally, this Court "is reluctant to overturn a jury's verdict where there is ample evidence to support the jury's decision, and will do so only where [this Court] is satisfied that allowing the verdict to stand would be inconsistent with substantial justice." *Clark v Kmart Corporation (On Remand)*, 249 Mich App 141, 150; 640 NW2d 892 (2002) (citations and quotation marks omitted).

## IV. CONCLUSION

Defendants waived any defects in the jury instructions and verdict forms in this matter by affirmatively agreeing to all of them before the jury was charged in the trial court. Additionally, the record in this case does not support the trial court's decision to disturb the jury's decision and we are satisfied that the verdict was not inconsistent with substantial justice. Therefore, the trial court abused its discretion.

Reversed and remanded for reinstatement of the jury's verdict and entry of an appropriate judgment. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien
/s/ James Robert Redford

-7-