*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SILAS SALYER a/k/a SILAS SALYERS,

        Plaintiff/Counter-Defendant-
        Appellant,

v

CLIFFORD B. WALKER as personal representative
of ESTATE OF EVELYN WALKER,

        Defendant/Counter-Plaintiff-Appellee,

v

NOUD & NOUD PLC and WILLIAM H. NOUD JR,

        Defendants.

UNPUBLISHED
April 20, 2023

No. 361590
Ingham Circuit Court
LC No. 20-000162-CH

Before: GADOLA, P.J., and PATEL and MALDONADO, JJ.

PER CURIAM.

Silas Salyer appeals by right the trial court's order granting summary disposition in favor of Clifford Walker pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. BACKGROUND

Silas Salyer and his now-deceased wife lived on an 80-acre property in Ingham County, and more than 25 years ago they severed a one-acre parcel from the rest of the property. They continued living on the large parcel and built a residential duplex on the small parcel. Over the years, Evelyn Walker—Salyer's sister—provided Salyer with substantial financial support to assist with medical expenses along with other bills. On June 25, 2015, Salyer and Evelyn met with attorney William H. Noud, Jr., to execute a quitclaim deed transferring ownership of a portion of Salyer's property to Evelyn. According to Salyer, his intent was that Evelyn would take ownership of the small parcel as compensation for financial support with the understanding that, at some undefined point in the future, she would pass it to Salyer's then-incarcerated son. However,

unbeknownst to them, the quitclaim deed provided the tax identification number for the small parcel but the legal description of the large parcel.

Evelyn Walker died in 2019, and it then came to Salyer's and Noud's attention that the quitclaim deed had misidentified the property. Noud contacted Clifford Walker, Evelyn's husband and the personal representative of her estate, and explained the situation to him. Noud requested that Clifford Walker, as representative of Evelyn's estate, reconvey the 79-acre parcel to Salyer, but Walker's legal representation informed Noud that Walker did not intend to cooperate. Noud withdrew as Salyer's attorney, and Salyer, with new representation, brought suit against the estate seeking reformation of the 2015 quitclaim deed and to quiet title to the 79-acre parcel.[1] Walker responded by filing a counter-complaint against Salyer seeking to quiet title and an award of attorney fees based on an allegation of slander of title.

Salyer and his legal representation were largely uncooperative during the discovery process. For example, they failed to respond to or otherwise acknowledge multiple sets of interrogatories and requests for admissions. Most consequential among these was Salyer's silence in response to Walker's second request for admissions, the third item of which provided:

> Please admit that the Plaintiff, Silas Salyers, as a result of having numerous medical conditions, and owing Evelyn Walker a significant amount of money for loans and advances to pay various bills and medical expenses, and wanting to make himself eligible for government assistance, deeded the 79-acre farm to Evelyn Walker on June 22, 2015 via a Quit Claim Deed.

Following Salyer's failure to respond to this request for admissions, Walker filed a motion seeking summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim) and (10) (no genuine issue of material fact) based primarily on what was described as repeated "discovery abuses." In particular, Walker argued that his requests for admissions, pursuant to MCR 2.312(C)(1), were deemed admitted by means of Salyer's noncompliance. The trial court agreed, and in addition to admonishing Salyer's attorney for his failure to cooperate during the discovery process, it granted summary disposition in favor of Walker, dismissing Salyer's claims with prejudice.

Salyer filed a motion for reconsideration, which was denied, and this appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition, and the evidence is viewed in a light most favorable to the nonmoving party. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Summary disposition should be granted under MCR 2.116(C)(10) when the evidence reveals no genuine issue of material fact. *Id*. at 183. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

---

[1] Salyer subsequently filed a cross-claim against Noud seeking damages for malpractice; however, the parties settled for an undisclosed amount, and that claim is irrelevant for the purposes of this appeal.

"This Court reviews for an abuse of discretion a trial court's decision on a party's motion to amend its admissions under MCR 2.312(D)(1). A trial court abuses its discretion when it selects an outcome that falls outside the range of principled outcomes." *Bailey v Schaaf*, 293 Mich App 611, 620; 810 NW2d 641 (2011), remanded in part on other grounds 494 Mich 595 (2013).

## III. CONVEYANCE OF ESTATE

Salyer argues that the trial court erred by granting summary disposition in favor of Walker because of the deemed admissions. We disagree.

Pursuant to MCR 2.312(A), a party may "serve on another party a written request for the admission of the truth of a matter," and pursuant to MCR 2.312(B)(1), the matter is "deemed admitted" if the party does not respond within 28 days. Once a matter is admitted, it is "conclusively established unless the court on motion permits withdrawal or amendment of an admission." MCR 2.312(D)(1). Our Supreme Court has expanded on the impact such an admission has on the litigation:

> Admissions under MCR 2.312 are "judicial" admissions. In contrast to "evidentiary" admissions, i.e., admissions of a party opponent under MRE 801(d)(2), judicial admissions are not really "evidence" at all: Rather, they are formal concessions in the pleadings in the case or stipulations by a party or its counsel that have the effect of *withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.*

> In essence, admissions under MCR 2.312 are more a matter of civil procedure than of evidence law. *The party who makes such an admission has conclusively (or 'judicially') admitted such facts* and the opposing side need not introduce evidence to prove the facts.

> A judicial admission differs dramatically from an evidentiary admission with respect to the effect of the admission. Although both judicial and evidentiary admissions are subject to all pertinent objections to admissibility that might be interposed at trial, the *judicial admission, unless allowed by the court to be withdrawn, is conclusive in the case, whereas the evidentiary admission is not conclusive but is always subject to contradiction or explanation.* [*Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 420-421; 551 NW2d 698 (1996) (quotation marks, citations, and alterations omitted; emphasis added).]

"Further, the admissions resulting from a failure to answer a request for admissions may form the basis for summary disposition." *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991).

This action stems from Salyer's assertion that he intended to convey to his sister, Evelyn Walker, the 1-acre parcel, but the 79-acre parcel was conveyed as a result of a scrivener's error. However, on September 15, 2021, Walker submitted his second set of requests for admissions, the third of which requested an admission that Salyer intentionally conveyed the 79-acre parcel to his sister. It is undisputed that Salyer never responded to Walker's requests for admissions, so this statement was properly deemed admitted. MCR 2.312(B)(1). Salyer argues that the trial court

gave this "deemed admission" undue weight in light of the overwhelming evidence to the contrary. However, once a matter is admitted pursuant to MCR 2.312, the matter is "*conclusively established.*" MCR 2.312(D)(1). This means that the admission is not "subject to contradiction or explanation" because it was a *judicial admission*. *Radtke*, 453 Mich at 420-421. "[P]arties may attempt to explain or disprove an evidentiary admission, while a judicial admission is beyond challenge." *Hilgendorg v St. John Hosp and Med Ctr Corp*, 245 Mich App 670, 690; 630 NW2d 356 (2001).

The only way the admission in this case would not require summary disposition in Walker's favor would be if the trial court had granted a motion to withdraw or amend the admission. MCR 2.312(D)(1). Salyer never made such a motion. His attorney did, however, ask the court's permission at the motion hearing to submit the admissions late. Even if this request were treated like a proper motion made pursuant to MCR 2.312(D)(1) to withdraw the admissions, the trial court still did not abuse its discretion by refusing this request. MCR 2.312(D)(1) provides that such a motion may be granted "[f]or good cause." Aside from comments from his attorney about how Salyer was an unsophisticated, elderly man with health problems, who at some point apparently had his phone disconnected, the trial court was not presented with an explanation for why the admissions were never completed. Salyer's attorney stated repeatedly at the hearing that he did not know exactly why the admissions were never completed, but this was a perplexing assertion given that Salyer was present at the hearing; presumably, Salyer and his attorney could have discussed the matter. Regardless, any attempt to explain the matter would be unpersuasive in light of the fact that Salyer and his attorney were both present at Salyer's deposition. While Salyer, both in this Court and the trial court, has repeatedly emphasized that the admissions and interrogatories were implicitly answered by his answers at the deposition, it has never been explained why Salyer and his attorney could not have completed the admission responses together immediately prior or subsequent to the deposition. Finally, when the admissions were viewed in the context of Salyer's ongoing failures to comply with discovery, it was reasonable for the trial court to infer that the lack of response to the admissions was due to a lack of diligence rather than good cause.

Salyer argues that the trial court erred by granting summary disposition without first applying the three-factor balancing test set out by this Court in *Janczyk v Davis*, 125 Mich App 683, 691-693; 337 NW2d 272 (1983). *Janczyk* provides three factors that judges are to balance when determining whether to allow a party to file late admissions.[2] However, the *Janczyk* test applies in scenarios in which the court is tasked with deciding whether to accept admissions that

---

[2] This Court instructed trial courts to consider:

> First, whether or not allowing the party to answer late will aid in the presentation of the action . . . Second, the trial court should consider whether or not the other party would be prejudiced if it allowed a late answer. Third, the trial court should consider the reason for the delay: whether or not the delay was inadvertent. [*Janczyk*, 125 Mich App at 692-693 (quotation marks, citations, and footnote omitted).]

were submitted late, not whether to allow the withdrawal of deemed admissions. See *Bailey v Schaaf*, 293 Mich App 611, 622; 810 NW2d 641 (2011), vacated in part on other grounds 494 Mich 595 (2013) ("In *Janczyk v Davis*, this Court considered the standards by which a trial court should decide a party's motion to file *late* answers." (citation omitted)). In this case, Salyer never moved the trial court for permission to file late answers, Salyer never requested additional time to respond to the requests, and at the time the summary disposition hearing commenced, Salyer still had not responded. Therefore, the relevant question for the trial court was whether there was good cause to allow Salyer to withdraw the deemed admissions, and as is discussed above, there was not good cause.

Based on the analysis outlined above, we conclude that the trial court properly granted summary disposition in favor of Walker pursuant to MCR 2.116(C)(10).[3]

## IV. SLANDER OF TITLE

Salyer argues that the trial court erred by granting summary disposition in favor of Walker with respect to Walker's slander of title claim. We disagree.

"Slander of title is a tort claim that seeks to obtain special damages for the knowing filing of an invalid lien with the intent to cause the plaintiff injury." *Equity Funding, Inc v Village of Milford*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357062); Slip op at 5. An action for slander of title can exist under the common law or by statute. *Id*. "To establish slander of title at common law, a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages. Pecuniary or special damages must be shown in order to prevail on a claim." *B & B Investment Group v Gitler*, 229 Mich App 1, 8; 581 NW2d 17 (1998) (citation omitted). "The elements of a slander of title claim are the same under the statute or the common law." *Equity Funding, Inc*, ___ Mich App at ___; slip op at 5; see also MCL 565.108 (defining statutory slander of title).

In this case, it is undisputed that Salyer filed a notice of lis pendens prior to filing his complaint. As noted above, a claim for slander of title is triggered by the filing of an invalid *lien*. Salyer argues that such an action cannot be premised by a lis pendens because a lis pendens is not a lien. "A lis pendens is designed to warn persons who deal with property while it is in litigation that they are charged with notice of the rights of their vendor's antagonist and take subject to the judgment rendered in the litigation." *Attorney General v Ankerson*, 148 Mich App 524, 557; 385 NW2d 658 (1986). However, Salyer's attempt to make a distinction between a notice and a lien is without merit because the statute governing slander of title specifically includes the filing of notices for slanderous purposes. MCL 565.108; see also MCL 565.103 and MCL 565.105. Walker

---

[3] Because the court properly granted summary disposition pursuant to MCR 2.116(C)(10), Salyer's argument that the trial court erred by granting summary disposition pursuant to MCR 2.116(C)(8) is moot. "An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Thue*, 336 Mich App 35, 39; 969 NW2d 346 (2021) (quotation marks and citation omitted). Salyer's argument that the trial court erred by dismissing his motion for summary disposition "with prejudice" is likewise moot.

still must establish falsity, malice, and special damages. Like the action to quiet title, the slander of title action is also supported by the deemed admissions because they clearly establish the element of falsity. Another element of slander of title is special damages. "Litigation costs, including attorney fees, have been held to constitute special damages recoverable in slander of title cases." *B & B Investment Group*, 229 Mich App at 13-14. It is undisputed that Walker incurred litigation costs, so this element is likewise satisfied.

The most important element in a claim for slander of title is the requirement that the party acted maliciously.

> The crucial element is malice. A slander of title claimant must show some act of express malice, which implies a desire or intention to injure. Malice may not be inferred merely from the filing of an invalid lien; the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury. A plaintiff may not maintain a slander of title claim if the defendant's claim . . . was asserted in good faith upon probable cause or was prompted by a reasonable belief that the defendant had rights in the real estate in question. [*Wells Fargo Bank v Country Place Condo Ass'n*, 304 Mich App 582, 596; 848 NW2d 425 (2014) (quotation marks, citations, and alterations omitted).]

To establish malice in this case we again look at the admissions and the inferences which flow from them. As is discussed above, for the purposes of this litigation it has been conclusively established that Salyer intentionally conveyed the 79-acre parcel to Evelyn Walker as compensation for her financial support. Given this fact, which was properly deemed admitted, Salyer could not have filed the lis pendens in good faith. From this admission, it would be unreasonable *not* to infer Salyer intentionally filed a false notice against the property. Therefore, the trial court properly granted summary disposition under MCR 2.116(C)(10) in favor of Walker for his claim of slander of title.

Affirmed.[4]

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Allie Greenleaf Maldonado

---

[4] For the same reasons we conclude that Salyer cannot prevail on appeal, we likewise reject Salyer's argument that the trial court erred by denying his motion for reconsideration.