HOOKER CHEMICALS & PLASTIC CORP v ATTORNEY GENERAL

Docket No. 48246. Submitted June 10, 1980, at Grand Rapids.—Decided September 16, 1980.

The Attorney General for the State of Michigan filed a complaint in Montcalm Circuit Court naming Hooker Chemicals & Plastic Corp. (Hooker) as a defendant and alleging that Hooker had violated the Michigan Environmental Protection Act (EPA) and had committed a tort in breaching its duty to protect the public health, safety, and welfare in connection with the disposal of hexachlorocyclopentadiene (C-56). The requested relief from Hooker's alleged violation of the EPA was a permanent injunction ordering Hooker to properly dispose of any C-56 wastes located anywhere within the State of Michigan. The requested relief from Hooker's alleged tort was a permanent injunction ordering Hooker to properly dispose of the C-56 wastes located at the Central Sanitary Landfill in Montcalm County. Hooker thereupon contracted for the proper disposal of the C-56 wastes located in Montcalm County. Hooker then entered into a stipulation and order of dismissal with prejudice with the Attorney General and the Michigan Natural Resources Commission as to all claims made against Hooker in the above action.

Subsequently, the Attorney General and Michigan Natural Resources Commission (NRC) filed suit in Genesee Circuit Court, again alleging violation of the EPA and tort liability in connection with the disposal of C-56 wastes. The requested relief for both was compliance with a consent order which required the proper disposal of any C-56 wastes located at the Berlin and Farro Liquid Incineration, Inc., facility in Genesee County.

In response, Hooker filed the present action in Montcalm Circuit Court seeking a bill of peace enjoining the Attorney General and the NRC from proceeding with the Genesee County action or any other action against Hooker in connection with the disposal of C-56 wastes. Subsequently, Hooker filed a motion for accelerated judgment in the Genesee action based

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 27 Am Jur 2d, Equity § 51.

upon res judicata. The Montcalm Circuit Court, Charles W. Simon, Jr., J., issued a temporary injunction enjoining the Genesee Circuit Court from proceeding with the Genesee action. Hearing on the motion for accelerated judgment in the Genesee action was then deferred.

Subsequently, the Montcalm Circuit Court, Charles W. Simon, Jr., J., issued a bill of peace permanently enjoining the prosecution of any claim or action against Hooker in connection with the proper disposal of C-56 wastes anywhere in the state. The defendants appeal, alleging that the bill of peace was not properly granted. *Held:*

1. A bill of peace is an equitable remedy which is issued to insure that a right established at law is given the adequate protection to which it is entitled, and although a bill of peace is recognized in Michigan, case law reveals no instance in which a bill of peace was necessary to insure the adequate protection of a right established at law.

2. A bill of peace is a proper remedy to prevent the vexatious recurrence of litigation, and it will lie after repeated trials at law and satisfactory verdicts to have an injunction against further litigation.

3. Here, Hooker has available an adequate protection at law in the form of res judicata. The defendant's motion for accelerated judgment should be granted.

Reversed with instructions.

1. EQUITY — BILL OF PEACE — PROTECTION.

A bill of peace is an equitable remedy which is issued to ensure that a right established at law is given the adequate protection to which it is entitled, and, although a bill of peace is recognized in Michigan, case law reveals no instance in which a bill of peace was necessary to insure the adequate protection of a right established at law.

2. EQUITY — REMEDIES — BILL OF PEACE.

A bill of peace is a proper remedy to prevent the vexatious recurrence of litigation and it will lie after repeated trials at law and satisfactory verdicts to have an injunction against further litigation.

*Landman, Luyendyk, Latimer, Clink & Robb* (by *William F. McNally* and *Jon D. Vander Ploeg)*, for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman* and *Thomas F. Schimpf,* Assistants Attorney General, for defendants.

Before: ALLEN, P.J., and D. F. WALSH and G. R. McDONALD,* JJ.

ALLEN, P.J. Defendants, Attorney General for the State of Michigan and the Michigan Natural Resources Commission, appeal as of right from a bill of peace entered in favor of plaintiff, Hooker Chemicals & Plastic Corp. (Hooker), on October 24, 1979, by the Montcalm Circuit Court.

On September 9, 1977, the Attorney General filed an amended complaint in Montcalm County Circuit Court which named Hooker as a defendant in a suit arising from the improper disposal of hexachlorocyclopentadiene (C-56). The September 9, 1977, lawsuit (Montcalm I) alleged that Hooker had violated the Michigan Environmental Protection Act (Count IV of the complaint), and had committed a tort in breaching its duty to protect the public health, safety, and welfare (Count V of the complaint) in connection with the disposal of C-56 wastes.

The requested relief from Hooker's alleged violation of the Michigan Environmental Protection Act (EPA) was a permanent injunction ordering Hooker to properly dispose of any C-56 wastes located anywhere within the State of Michigan. The requested relief from Hooker's alleged tort was a permanent injunction ordering Hooker, jointly or severally with other defendants named in Counts I, II, and III of the complaint, to prop-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erly dispose of the C-56 wastes located at the Central Sanitary Landfill in Montcalm County.

Pursuant to order in the Montcalm I action, Hooker and Approved Industrial Removal, Inc., jointly contracted for the proper disposal of the C-56 wastes located in Montcalm County. Hooker then entered into a stipulation and order of dismissal with prejudice with the Attorney General and the Michigan Natural Resources Commission (NRC) as to all claims made against Hooker in Montcalm I.

On February 27, 1979, the present defendants filed suit in Genesee County Circuit Court again alleging violation of the EPA and tort liability in connection with the disposal of C-56 wastes. The requested relief for both the alleged violation of the EPA and the alleged tort was compliance with a consent order entered in July of 1978, which required the proper disposal of any C-56 wastes located at the Berlin and Farro Liquid Incineration, Inc., facility in Genesee County.

On April 6, 1979, in response to the action commenced in Genesee County, Hooker filed the present action in Montcalm County (Montcalm II) seeking a bill of peace enjoining the Attorney General and NRC from proceeding with the Genesee County action or any other action against Hooker in connection with the disposal of C-56 wastes. On April 9, 1979, Hooker filed a motion for accelerated judgment in the Genesee action based upon res judicata. On May 22, 1979, the Montcalm County Circuit Court issued a temporary injunction in the Montcalm II action enjoining the Genesee County Circuit Court from proceeding with the Genesee action. Hearing on the motion for accelerated judgment in the Genesee action was deferred. On October 24, 1979, the Montcalm County Circuit

Court issued a bill of peace, permanently enjoining the prosecution of any claim or action against Hooker in connection with the proper disposal of C-56 wastes anywhere in the State of Michigan.

The question raised on appeal is whether the bill of peace was properly granted. We find that it was not and that GCR 1963, 718.6 requires that the Montcalm II action be dismissed pursuant to defendant's motion for accelerated judgment, GCR 1963, 116.1(4).

A bill of peace is an equitable remedy which is issued to ensure that a right established at law is given the adequate protection to which it is entitled. *State Mutual Rodded Fire Ins Co v Engel,* 269 Mich 348, 353; 257 NW 839 (1934). Although a bill of peace is recognized in Michigan, Michigan case law reveals no instance in which a bill of peace was necessary to ensure the adequate protection of a right established at law. A fact situation similar to the case at bar was presented in *Stoddard v Brewer,* 310 Mich 22; 16 NW2d 652 (1944). There, the Supreme Court held that:

> "If the holding in the former case is *res judicata* of the issues in the threatened action then plaintiff herein will have adequate protection at law. We find nothing calling for equity intervention." *Id.,* 23.

In the case at bar, the plaintiff, Hooker, has available in the Genesee action an adequate protection at law in the form of res judicata. In fact, in the Genesee action, Hooker has filed a motion for accelerated judgment based upon res judicata. This motion was adjourned without date after the Montcalm II injunction prohibiting further prosecution of the Genesee action.

Hooker argues that the necessity of having to defend the Genesee action and the possibility of

other actions by the defendants against Hooker make the remedy at law inadequate. Hooker is correct that a bill of peace is a proper remedy to prevent the vexatious recurrence of litigation. A bill of peace "will lie, after repeated trials at law and satisfactory verdicts, to have an injunction against further litigation". *Detroit Trust Co v Hunrath,* 168 Mich 180, 193 (1911). See also *State Mutual Rodded Fire Ins Co, supra.* However, in the instant case, there is no showing of vexatious litigation. The defendants have filed a good faith action in Genesee County Circuit Court to which the defense of res judicata has been raised for the first time.

Res judicata provides adequate protection to Hooker's right established at law in the Montcalm I action. The bill of peace in the Montcalm II action should not have been issued. The lower court's decision is reversed and the cause of action dismissed pursuant to GCR 1963, 718.6. The parties are instructed to proceed with the Genesee County Circuit Court action.

Reversed. No costs, a public question being involved.