*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

*In re* CATHERINE A. JACOBSON LIVING TRUST.

---

FRANK R. JACOBSON,

        Petitioner-Appellant,

v

LEE S. JACOBSEN, Trustee for the CATHERINE A. JACOBSON LIVING TRUST, KAREN JACOBSEN, and KATHERINE JAKOBSEN HALLQUIST,

        Respondents-Appellees.

UNPUBLISHED
November 24, 2020

Nos. 335024; 335529; 336899;
336911; 336913; 336914;
337581; 339531; 339561;
345590
Wayne Probate Court
LC No. 2013-786357-TV

---

*In re* ESTATE of CATHERINE A. JACOBSON.

---

LEE S. JACOBSEN, Personal Representative of
the ESTATE OF CATHERINE A. JACOBSON
and KAREN JACOBSEN,

        Appellees,

v

FRANK R. JACOBSON,

        Appellant.

Nos. 338930; 338931; 338932
Wayne Probate Court
LC No. 2013-788807-DE

---

-1-

Before:  O'BRIEN, P.J., and BECKERING and CAMERON, JJ.

PER CURIAM.

These 13 consolidated appeals arise from proceedings involving both the Catherine A. Jacobson Living Trust (the Trust) and Catherine A. Jacobson's estate (the Estate).  In Docket Nos. 335024, 335529, 336899, 336911, 336913, 336914, 337581, 339531, 339561, and 345590, petitioner, Frank R. Jacobson, appeals as of right numerous probate court orders granting relief in favor of respondents, Lee S. Jacobsen, as trustee for the Trust, Karen Jacobsen, and Katherine Jakobsen Hallquist (collectively respondents), in the Trust proceedings.  In Docket Nos. 338930, 338931, and 338932, appellant Frank R. Jacobson appeals as of right the probate court's April 19, 2017 orders granting relief in favor of Lee S. Jacobsen, as personal representative of the Estate, and Karen Jacobsen, in proceedings involving the Estate.[1]  We affirm the probate court's orders in all 13 appeals.

Catherine died on March 12, 2010.  She was survived by three children—petitioner, the trustee, and Hallquist.  Petitioner initiated the proceedings below by filing a petition against the trustee.  Petitioner's third amended petition alleged claims of conversion, fraud, breach of fiduciary duty, and slander and libel.  The probate court ordered the trustee to file accounts and petitioner filed objections to each account.  After numerous hearings and a trial on petitioner's claims and the accounts, the probate court dismissed petitioner's claims, denied petitioner's objections to the accounts, allowed the trustee's first through tenth annual accounts and attorney fees in the trust proceedings, and allowed the accounts, inventory, and estate settlement in the estate proceedings.  Petitioner appeals 13 orders entered in the proceedings below.

## I.  DOCKET NOS. 335024 ET AL.

In Docket Nos. 335024, 335529, 336899, 336911, 336913, 336914, 337581, 339531, 339561, 338930, 338931, and 338932, petitioner challenges several actions taken by Judge Judy A. Hartsfield, the reassignment to Judge Freddie G. Burton, Jr., Judge Burton's entry of an order regarding a hearing on February 24, 2016, and Judge Burton's denials of petitioner's motions for rehearing of several matters.  None of the issues raised warrant appellate relief.

### A.  ENTRY OF ORDER REGARDING FEBRUARY 24, 2016 HEARING

First, petitioner contends that Judge Burton exceeded his authority and erred by entering an order regarding the hearing held on February 24, 2016, because he was not the sitting judge at that hearing.  We disagree.

"In order to properly preserve an issue for appeal, it must be raised before, and addressed and decided by, the trial court." *Henderson v Dep't of Treasury*, 307 Mich App 1, 7-8; 858 NW2d 733 (2014) (quotation marks and citation omitted).  Petitioner did not argue below that Judge Burton lacked authority to enter an order regarding the February 24, 2016 hearing, which was held

---

[1] Although the parties have different designations in the Trust and the Estate cases, for ease of reference we will refer to Frank as "petitioner" and Lee as "the trustee" in this opinion.

before Judge Hartsfield. Therefore, this issue is unpreserved. "However, this Court may review an unpreserved issue if it presents a question of law and all the facts necessary for its resolution are before the Court." *Id.* at 8 (quotation marks and citation omitted). This issue involves the interpretation of a statute, which is a question of law, *Rogers v Wcisel*, 312 Mich App 79, 86; 877 NW2d 169 (2015), and the necessary facts are available. Accordingly, we may review this issue. The interpretation of a statute is reviewed de novo. *Id.*

Petitioner argues that Judge Burton was prohibited under MCL 600.838(2) from entering an order regarding the February 24, 2016 hearing. MCL 600.838(2) provides, "A judge of probate shall not decide nor participate in the decision of any question which is argued in the court when he was not present and sitting therein as a judge." It is undisputed that Judge Burton was not present and sitting as a judge at the February 24, 2016 hearing. At the August 9, 2016 hearing, the trustee proposed an order regarding the February 24, 2016 hearing, and Judge Burton entered the proposed order after finding that it was consistent with the rulings made by Judge Hartsfield at the February 24, 2016 hearing. Thus, contrary to petitioner's argument, Judge Burton did not "decide" or "participate in the decision of" a question that was argued at the February 24, 2016 hearing. He instead entered an order giving effect to Judge Hartsfield's decisions. This was not a violation of MCL 600.838(2).

Petitioner insists that Judge Burton was required to rehear the matters previously heard by Judge Hartsfield. At the September 26, 2016 hearing, following the entry of the order regarding the hearing on February 24, 2016, Judge Burton denied petitioner's objections and motions to rehear or set aside the order regarding the hearing held on February 24, 2016. In denying the motions, Judge Burton stated that he did not believe that he had the authority to set aside decisions made by Judge Hartsfield and that he did not "feel motivated to do it at all." Petitioner argues that it was Judge Burton who entered the order after the August 9, 2016 hearing and, therefore, he had the authority to set aside or rehear that order and, in fact, was required to do so. As discussed earlier, however, Judge Burton merely entered an order consistent with Judge Hartsfield's prior rulings. Petitioner fails to establish that Judge Burton was required to reconsider those rulings. Nonetheless, Judge Burton allowed petitioner to make his arguments and denied petitioner's motions for rehearing on the basis that petitioner was merely "looking for a second bite at the apple" and asking for the same relief. Petitioner does not address this ruling and, therefore, fails to establish error. See *Joerger v Gordon Food Serv, Inc*, 224 Mich App 167, 175; 568 NW2d 365 (1997) (explaining that this Court "need not even consider" granting a plaintiff the relief he or she seeks if the plaintiff fails "to address the basis of the trial court's decision"); see also *Roberts & Son Contracting, Inc v N Oakland Dev Corp*, 163 Mich App 109, 113; 413 NW2d 744 (1987) ("Since counsel has failed to address an issue which necessarily must be reached, the relief he seeks . . . may not be granted."). Because petitioner fails to establish error in the entry of the order regarding the February 24, 2016 hearing and the denial of reconsideration of that order, we also reject petitioner's arguments that any subsequent rulings and orders related to rulings at the February 24, 2016 hearing should be vacated on this basis.

## B. STANDARD FOR REHEARING

Petitioner also argues that Judge Burton applied the wrong standard for denying rehearing of the matters heard at the January 20, 2016 hearing and engaged in misconduct by withholding the "true reason" for not granting the motions for rehearing. We disagree.

The interpretation and application of statutes and courts rules are questions of law that this Court reviews de novo. *Colista v Thomas*, 241 Mich App 529, 535; 616 NW2d 249 (2000).

At the August 9, 2016 hearing, the court denied petitioner's motion for reconsideration pursuant to MCR 2.119(F). MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Petitioner argues that this court rule is inapplicable and that MCL 600.848 governs rehearings in the probate court. MCL 600.848(1) provides, "Upon petition, where justice requires, and after due notice is given to all parties in interest, the probate court may grant rehearings and modify and set aside orders, sentences, or judgments rendered in the court." According to petitioner, the court imposed a higher burden for rehearing by applying the court rule instead of the statute.

Contrary to petitioner's claim, MCR 2.119(F) does apply in probate proceedings. MCR 5.001(A) provides, "Procedure in probate court is governed by the general rules set forth in chapter one and by the rules applicable to other civil proceedings set forth in chapter two, except as modified by the rules in this chapter." Because there is no rule in Chapter 5 regarding rehearings, the general rule applicable to rehearings in civil proceedings, MCR 2.119(F), applies. Moreover, there appears to be no conflict between MCR 2.119(F)(3) and MCL 600.848(1) because the court rule merely provides a more specific standard than that provided in the statute. Nonetheless, if there was a conflict, the court rule would control because the matter pertains to practice and procedure, so petitioner's challenge would still fail. See *Kern v Kern-Koskela*, 320 Mich App 212, 221; 905 NW2d 453 (2017) (explaining that, in general, when a court rule conflicts with a statute, the court rule controls on matters of practice and procedure).

Petitioner argues that even if Judge Burton's denial of rehearing was proper under MCR 2.119(F), it was still erroneous because he denied the rehearing for improper reasons. According to petitioner, Judge Burton "admitted" at a later hearing that he was not motivated to overturn Judge Hartsfield's rulings. At the September 26, 2016 hearing, Judge Burton stated: "And I don't believe that I have the authority to set aside, in part, an Order, that had been substantively addressed and finalized by Judge Hartsfield. I don't feel motivated to do it at all." Petitioner believes that this statement revealed that Judge Burton would not disturb any of Judge Hartsfield's rulings "no matter how egregious and harmful to Appellant's rights and interests." Despite Judge Burton's statement that he did not "feel motivated" to overturn Judge Hartsfield's rulings, it is clear that he previously denied the motion for rehearing or reconsideration because petitioner merely presented the same issues, which is a proper reason. See MCR 2.119(F).

According to petitioner, one of Judge Hartsfield's mistakes that Judge Burton rubber-stamped was Judge Hartsfield's allowing the first account after she rejected petitioner's amended objections and restricted him from filing additional pleadings. Petitioner claims that because Judge Hartsfield subsequently vacated the restriction on filings, petitioner's amended objections to the

first account should have been considered by Judge Burton. On January 20, 2016, Judge Hartsfield disallowed petitioner's amended objections to the first and fourth accounts because he had not obtained permission or leave of the court, in violation of MCR 2.118(A). The court also ruled that petitioner would be required to obtain court approval before filing all future pleadings. It is true that Judge Hartsfield subsequently vacated the restriction on filings, but the disallowance of the amended objections was based on the court rule, not this order. Petitioner suggests that it was improper for Judge Hartsfield to rely on MCR 2.118, rather than MCR 5.118, but he fails to elaborate on this argument, which was rejected below.[2] Moreover, Judge Hartsfield's decision to vacate the restriction on filings by petitioner did not suggest that her rejection of petitioner's amended objections for his failure to comply with MCR 2.118(A) was also vacated. Therefore, petitioner fails to establish error in the failure of Judge Burton to consider the amended objections to the first account.

Finally, petitioner claims that even if new evidence was not presented in his motions for rehearing or reconsideration, Judge Burton should have given him a second chance. In *In re Estate of Moukalled*, 269 Mich App 708, 714; 714 NW2d 400 (2006), this Court stated:

> The plain language of the court rule does not categorically prohibit a trial court from granting a motion for reconsideration even if the motion presents the same issues initially argued and decided. Rather, MCR 2.119(F)(3) allows the court considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties. [Quotation marks and citation omitted.]

Although petitioner is correct that the probate court had discretion to grant reconsideration even if petitioner merely presented the same issues already decided by Judge Hartsfield, the court was not obligated to do so, and petitioner fails to establish that the court's denial of the motion for reconsideration was an abuse of discretion.

## C. ACTIONS OF JUDGE HARTSFIELD

Next, petitioner argues that he was denied a fair trial and that Judge Hartsfield's orders should be vacated because she erred by holding hearings on the trustee's accounts, proceeding on petitioner's third amended petition, and refusing to allow petitioner to amend his third amended petition. We disagree.

Petitioner did not argue below that he was denied a fair trial by Judge Hartsfield's decision to hold hearings on the accounts, or by her dismissal of his first three petitions and refusal to allow him to file a fourth amended petition. Therefore, this issue is unpreserved. See *Henderson*, 307 Mich App at 7-8. Nonetheless, whether petitioner was denied a fair trial is a question of constitutional law and the necessary facts are available. Accordingly, we may review this issue.

---

[2] Judge Hartsfield ruled that petitioner's objection was a pleading and, therefore, MCR 2.118 (governing amended and supplemental pleadings) applied, rather than MCR 5.118 (governing amending or supplementing documents).

See *id*. at 8. "Generally, this Court reviews de novo questions of constitutional law." *Sheardown v Guastella*, 324 Mich App 251, 255; 920 NW2d 172 (2018).

First, petitioner argues that it was improper for Judge Hartsfield to hold hearings on the trustee's accounts. MCL 700.1308(2) provides that a court, on its own motion, "may at any time order a fiduciary of an estate under its jurisdiction to file an accounting." Contrary to petitioner's claims, the court had authority under this statute to order accountings and hold hearings, even if the trustee did not seek court approval of the accountings and petitioner did not request hearings on the accounts. Further, while MCL 700.1308(1) addresses remedies for a fiduciary's breach of duty, the court was not required to first find a breach of fiduciary duty before proceeding under MCL 700.1308(2); MCL 700.1308(2) authorizes the court to order the trustee to file accountings on the court's own motion.

Petitioner argues, however, that the court could not order respondents Karen and Hallquist to file accountings because they were not fiduciaries and, therefore, the court's order requiring "respondents" to file accountings is void. Petitioner refers to an August 5, 2015 order, which was entered after the trustee filed the petitions to allow the first seven accounts. Although Karen and Hallquist were not *trustees*, petitioner fails to establish that they were not fiduciaries. Under MCL 700.1104(e), a "[f]iduciary *includes, but is not limited to*, a personal representative, funeral representative, guardian, conservator, trustee, plenary guardian, partial guardian, and successor fiduciary." (Emphasis added.) Petitioner does not address this definition. Moreover, even if the court erred by ordering all three respondents to file accountings instead of just the trustee, petitioner fails to establish that the error renders the court's orders void. Under MCR 2.613(A), "an error in a ruling or order . . . is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."[3] Given that the trustee filed the petitions to allow accounts, any error arising from the inclusion of all three respondents in the order for accountings was harmless.

Second, petitioner argues that it was improper for Judge Hartsfield to dismiss his original, first amended, and second amended petitions. At the August 5, 2015 hearing, however, petitioner's counsel agreed to the dismissal of petitioner's first three petitions and to proceed on the third amended petition. Accordingly, any claim involving the dismissal of the first three petitions or the decision to proceed on the third amended petition is waived. *Reed Estate v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011).

Third, petitioner challenges the probate court's refusal to allow him to file a fourth amended petition, apparently referring to Judge Hartsfield's restriction on petitioner from filing any pleadings without the court's permission. On August 9, 2016, however, Judge Burton also denied petitioner's request to file a fourth amended petition. Judge Burton found that a fourth amended petition was unnecessary because the third amended petition was thorough and he wanted to resolve all pending claims. Judge Burton stated that if there were remaining issues that were justified by law and fact, then petitioner could file a fourth amended petition at a later time.

---

[3] As discussed earlier, under MCR 5.001(A), the rules of civil procedure apply in probate court unless otherwise modified.

Petitioner does not identify any issues that he was prohibited from raising in a fourth amended petition. To the extent that petitioner claims that he was prevented from amending his petition in response to accountings filed by the trustee, we note that petitioner filed objections to each account and therefore was not, in fact, prevented from raising his claims. Moreover, all of petitioner's claims were addressed either at the hearings on the accountings, the hearing on the petition for summary disposition, or at trial, and petitioner fails to establish that the court applied an incorrect burden of proof to any of his claims.

Finally, petitioner argues that, despite approving of the accounts contested in the third amended petition, the doctrine of res judicata did not bar the claims raised in the petition because the doctrine does not apply within a single action. Petitioner ignores that the court, in granting partial summary disposition, *agreed* with petitioner that the doctrine of res judicata did not apply within a single action, but concluded that summary disposition was nevertheless proper under MCR 2.116(C)(7) because the issues raised in petitioner's third amended petition were addressed in the court's previous orders. See MCR 2.116(C)(7) (stating that a party may move for summary disposition on grounds that "relief is appropriate because of . . . prior judgment"). Petitioner does not address how the court erred by granting summary disposition on this ground.

For these reasons, petitioner fails to establish error requiring reversal. We therefore reject petitioner's arguments that Judge Hartsfield violated the Michigan Code of Judicial Conduct, that Judge Hartsfield was biased against him, and that he was otherwise denied his constitutional right to a fair trial.

## D. REASSIGNMENT TO JUDGE BURTON

Petitioner argues that he was denied a fair trial because Judge Burton improperly assigned the case to himself and exhibited bias. We disagree.

"This Court reviews a trial court's factual findings on a motion to disqualify for an abuse of discretion and reviews de novo the trial court's application of the facts to the law." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). An abuse of discretion occurs "when the trial court's decision falls outside the range of reasonable outcomes." *Id*.

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Id*. "A trial judge is presumed unbiased, and the party asserting otherwise has the heavy burden of overcoming the presumption." *Id*. A "trial court's exercise of its discretion to control the proceedings and the trial court's rulings" cannot "generally be used to establish bias even if erroneous." *Huntington Nat'l Bank v Daniel J Aronoff Living Trust*, 305 Mich App 496, 517; 853 NW2d 481 (2014). Further, a trial judge's remarks that are "hostile to or critical of the parties, their cases, or their counsel, ordinarily will not establish a disqualifying bias." *Id*.

Petitioner first argues that Judge Burton's prior participation in the motion to disqualify Judge Hartsfield necessarily established that he was biased against petitioner. Contrary to petitioner's assertion, Judge Burton's review of that motion did not mean that he prejudged the case. Moreover, while Judge Hartsfield did eventually recuse herself, she stated that she did not believe that she was personally biased for or against any party, so Judge Burton's rulings denying the motions for disqualification of Judge Hartsfield were not in conflict with Judge Hartfield's

decision to recuse herself. Nothing about Judge Burton's involvement with petitioner's motion to disqualify Judge Hartsfield suggested that Judge Burton could not be impartial.

Petitioner next challenges the reassignment of the case to Judge Burton after Judge Hartsfield's recusal. In the opinion denying petitioner's motion to disqualify him, Judge Burton found that he was properly reassigned the case through the "blind draw" process. Petitioner claims, however, that the Estate case was originally assigned to Judge Terrence Keith, the Estate case was never reassigned to Judge Hartsfield, and no motion for consolidation of the Estate and Trust cases was ever made. Petitioner fails to provide any citations to the record to support this claim. Nonetheless, the trustee does not appear to dispute that the Estate case was originally assigned to Judge Keith and, instead, argues that the matters were heard before a single judge because the will and the trust were to be read together and petitioner never objected when Judge Hartsfield began hearing matters in the Estate case. Given that Judge Hartsfield had taken actions in both cases before her recusal, petitioner fails to establish that the reassignment of both cases to Judge Burton was erroneous.

Finally, petitioner argues that Judge Burton should have immediately determined whether Judge Hartsfield was biased and, if so, vacated her prior orders. According to petitioner, Judge Burton instead immediately began making harsh rulings against petitioner. Petitioner fails to establish that Judge Burton was required to rule on the motion for disqualification of Judge Hartsfield after she had recused herself and Judge Burton was reassigned to the case. Judge Burton had already denied the motion on procedural grounds, and Judge Hartsfield recused herself without finding that she was biased. Therefore, petitioner fails to establish error in Judge Burton's decision to proceed on the pending matters. In addition, Judge Burton's adverse rulings against petitioner do not establish bias. See *Huntington Nat'l Bank*, 305 Mich App at 517.

## E. DENIAL OF REHEARING REGARDING HIGH STREET PROPERTY

Petitioner next contends that Judge Burton erred by refusing to rehear petitioner's challenge to how the trustee distributed the High Street property, which was given to petitioner under the terms of the Trust. We disagree.

This Court reviews for an abuse of discretion a trial court's ruling on a motion for reconsideration. *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018) An abuse of discretion occurs "when the trial court's decision falls outside the range of reasonable outcomes." *Mitchell*, 296 Mich App at 523.

MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

"The trial court has considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *Sanders*, 323 Mich App at 264-265 (quotation marks and citation omitted).

On appeal, petitioner does not address the standard applicable to motions for reconsideration or the court's ruling that he had merely presented the same issue as previously addressed by the court. Accordingly, petitioner fails to establish that the court abused its discretion by denying his motion. Moreover, petitioner has not established a right to relief with respect to this issue.

Nevertheless, addressing the substance of petitioner's claim, it does not warrant appellate relief. Petitioner argues that Judge Hartsfield erred by interpreting the relevant provision of the Trust as giving Catherine's sister, Frances Voelker, a life estate, because the Trust actually conveyed the property to petitioner in fee simple with the condition that he would allow Voelker to continue to reside there. Petitioner claims that because the deed for the High Street property was recorded as giving a life estate to Voelker, the deed was void. And if the deed was void, as petitioner claims, then the property was never properly transferred and the trustee is responsible for the costs incurred during the time that Voelker resided there.

Even if petitioner is correct that the original deed was void because it was in contravention of the Trust, see MCL 555.21 ("When the trust shall be expressed in the instrument creating the estate, every sale, conveyance, or other acts of the trustees, in contravention of the trust, shall be absolutely void."), he fails to establish error requiring reversal. Through a partial agreement entered in the probate court, petitioner agreed to the extinguishment of the life estate. On April 21, 2015, after mediation, the parties signed a partial agreement, which stated that a deed to the High Street property "will be executed extinguishing the life estate of Frances Voelker." At the hearing on February 24, 2016, the trustee's attorney explained that after mediation in April 2015, a deed extinguishing the life estate was given to petitioner's attorney, but a copy signed by Voelker was never returned. Petitioner admitted that he received the deed in April 2015. On appeal, petitioner fails to acknowledge or address these events. Because the issue regarding the High Street property was resolved pursuant to an agreement by the parties signed by petitioner, petitioner fails to establish error.

Finally, petitioner argues that because the trustee acted in bad faith, this Court should disallow any attorney fees related to the High Street property. Petitioner, however, fails to articulate a legal basis to disallow attorney fees related to the property, particularly given that he agreed to the resolution of the dispute about the High Street property. Accordingly, he has failed to establish that appellate relief is warranted.

F. DENIAL OF REHEARING REGARDING DOXTATOR STREET PROPERTY

Lastly, petitioner argues that Judge Burton erred by failing to reconsider petitioner's challenge to the sale of the Doxtator property. We disagree.

As with the previous issue, petitioner does not address the standard applicable to motions for rehearing or reconsideration, or the probate court's ruling that petitioner merely presented the same arguments that had previously been addressed. Therefore, he fails to establish that the

probate court abused its discretion by denying his motion for rehearing or reconsideration of this issue. Regardless, petitioner has not otherwise shown that he is entitled to relief.

At the January 20, 2016 hearing, the trustee stated that the Doxtator property was sold for $165,000 in cash. According to the trustee, although the buyer was willing to pay $265,000 on a three-year land contract, petitioner did not want to wait three years. In response, petitioner stated that he got the property appraised for $260,000, and the appraisal was not contingent on a land contract. Petitioner argued that he should receive the difference between the appraisal value and the amount that the trustee obtained for the house. The trustee testified that he offered to give petitioner his third of the land contract sale up front from the down payment, but petitioner refused. The trustee also stated that he had e-mails from petitioner stating that $90,000 was "fine" and $130,000 was "way more than that place is worth." The probate court found that if there was, in fact, an e-mail in which petitioner stated that $90,000 or $100,000 was a good sale price for the house, as the trustee had stated, then it would deny petitioner's objection regarding the property.

At the next hearing, on February 24, 2016, the trustee provided the court with e-mails in which petitioner stated that the property had "no value," $170,000 was a "bargain" for the property, the lot was worth $100,000, that $165,000 for a cash offer was "not going to happen," and they would be "lucky to get $130,000." In response, petitioner argued that it was the trustee's responsibility to determine the proper value, he believed that the property was actually worth $280,000, and his statement that the property was worth $140,000 was a mistake. He also admitted, however, that there had not been any substantial work performed on the house since 2007 when he described it as a tear down. Petitioner had the property appraised shortly after the sale in 2012. The probate court denied petitioner's objection regarding the sale price of the Doxtator property, finding that, as a beneficiary, petitioner could have had an appraisal done at any time. The court stated that petitioner should have obtained an appraisal *before* the sale and that, nonetheless, two of the three beneficiaries approved the sale. The court found that the trustee would have diminished his own proceeds if he accepted a low sale price, so petitioner's argument that the trustee breached his fiduciary duty was without merit.

On appeal, petitioner argues that Judge Hartsfield improperly ruled that the sale of the Doxtator property without an appraisal or market testing was allowable. Petitioner claims that the trustee breached his duty and acted in bad faith. He also argues that the appraisal that he obtained was proper, claims that he did not consent to the low sale price, and alleges other misconduct by the trustee. Petitioner fails to address the court's findings that a majority of the beneficiaries approved the sale and that there was no merit to his claim of breach of fiduciary duty because a low sale price would have diminished the trustee's own proceeds, thereby failing to address the basis for the court's decision. See *Joerger*, 224 Mich App at 175. On this record, petitioner fails to establish that the probate court's denial of his motion for reconsideration was an abuse of discretion.

## II. DOCKET NO. 345590

In Docket No. 345590, petitioner challenges the probate court's actions regarding the tenth annual account, the court's entry of a bill of peace, and Judge Burton's failure to sua sponte recuse himself as the presiding judge. None of the issues warrant relief on appeal.

## A. PETITIONER'S OBJECTIONS TO THE TENTH ANNUAL ACCOUNT

First, petitioner argues that he was denied due process by Judge Burton's failure to consider his objections to the trustee's tenth annual account on the ground that petitioner did not attend the hearing. We disagree.

Petitioner did not argue below that he was denied due process by the court's failure to consider his objections to the tenth account, so this issue is unpreserved. See *Henderson*, 307 Mich App at 7-8. Nonetheless, whether petitioner was denied due process is a question of constitutional law and the necessary facts are available, so we may review this issue. See *id*. at 8. "Generally, this Court reviews de novo questions of constitutional law." *Sheardown*, 324 Mich App at 255.

Under MCR 5.119(B), "[a]n interested person may object to a pending petition orally at the hearing or by filing and serving a document which conforms with MCR 1.109(D) and MCR 5.5113." Accordingly, petitioner could file written objections and was not required to be present at the hearing in order for his objections to be considered. Contrary to petitioner's claim, however, the court did not refuse to hear petitioner's objections because he was not present at the hearing. Rather, the court heard the trustee's arguments regarding petitioner's objections and ruled on them. Although the court stated that it would have been helpful had petitioner been present and explained how his arguments differed from the issues that were previously decided, it considered petitioner's objections (even though they were filed the day before the hearing), and it relied on the representations made by the trustee's attorney. On this record, petitioner fails to establish that he was denied due process of law.

## B. ALLOWANCE OF TENTH ANNUAL ACCOUNT AND ATTORNEY FEES

Petitioner argues that the probate court erred by allowing the tenth annual account and awarding attorney fees because the trustee's petition and account were defective. We disagree.

A probate court's dispositional rulings are reviewed for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). "The trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *Id*. This Court reviews a probate court's findings of fact for clear error. *In re Estate of Bennett*, 255 Mich App 545, 549; 662 NW2d 772 (2003). "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*.

When there is a challenge to an account, "the general rule regarding the burden of proof is that the administrator has the burden of establishing the correctness of his account and the propriety of his charges." *Matter of Green Charitable Trust*, 172 Mich App 298, 311-312; 431 NW2d 492 (1988). "This burden has also been described as the trustee having to show the absence of an irregularity or of any personal benefit to the trustee." *Id*. at 312 (quotation marks and citation omitted).

Petitioner raises four issues related to the tenth account. First, petitioner argues that the trustee's attorney was dishonest in stating that he was not asking for additional attorney fees with the tenth account. At the September 12, 2018 hearing, the trustee's attorney stated that he was not

-11-

seeking any additional fees and that the amount sought was approved in the ninth annual account. Petitioner contends that this is untrue, and that the additional fees of $81,375.32 sought in the tenth accounting were not previously approved. The record discloses that the tenth account listed the payment of $81,375.52 to Miller Canfield on March 21, 2017. The ninth account, which covered the period of March 13, 2016 to March 12, 2017, indicated that the amount of $81,375.32[4] was owed to Miller Canfield on March 11, 2017. Those fees were from invoices from January 5, 2017 to March 8, 2017. The account further indicated that $258,741.73 had already been paid. In the probate court's May 31, 2017 opinion, it approved the ninth annual account, "including the attorney fees and costs of $258,741.23." Although the $81,375.32 was separate from the $258,741.73 that was expressly approved, those fees were incurred within the accounting period of the ninth account. Furthermore, because the court did not expressly exclude other fees, it appears that the $81,375.32 was previously approved with the ninth account. Thus, petitioner fails to establish any error or a misrepresentation by the trustee's attorney.

Second, petitioner argues that the trustee improperly failed to list a sanction payment as income to the Trust. In its May 31, 2017 opinion, the court granted the trustee's petition for payment of attorney fees in the amount of $11,841.25 against petitioner. The tenth account listed the sanction payment under attorney fees. Petitioner claims that the sanction payment was supposed to be made to the Trust, not the trustee's lawyer, so it should have been listed as income to the Trust. The court's opinion, however, expressly stated that petitioner shall "remit payment in the amount of $11,841.25 to [the trustee's lawyer] Richard J. Siriani of Miller Canfield." Therefore, petitioner's claim is without merit.

Third, petitioner argues that the trustee misrepresented a loan of $81,400 as income to the Trust. On Schedule A of the tenth account, a loan of $81,400 "from Lee S. Jacobsen" is listed as income and gain to the Trust. At the hearing, the trustee explained that the money was loaned to the Trust in order to pay attorney fees and expenses, and that a promissory note was attached to the account. The tenth account included a "Demand Promissory Note," dated March 20, 2017, in which the trustee promised to repay $81,400 to "Lee S. Jacobsen as Trustee under the Lee S. Jacobsen Trust u/a/d September 27, 1990, as amended." Given that this promissory note evidencing the loan was attached to the account, any error in listing the loan as income was harmless. See MCR 2.613(A) (only error that is "inconsistent with substantial justice" merits reversal).

Finally, petitioner argues that the trustee used the incorrect form for the accounting. Petitioner relies on MCR 5.113(B)(1), which provides:

A petition must include allegations and representations sufficient to justify the relief sought and must:

(a) identify the petitioner, and the petitioner's interest in proceedings, and qualification to petition;

---

[4] The difference of $0.20 was apparently because of an overpayment of attorney fees to Miller Canfield.

(b) include allegations as to residence, domicile, or property situs essential to establishing court jurisdiction;

(c) identify and incorporate, directly or by reference, any documents to be admitted, construed, or interpreted;

(d) include any additional allegations required by law or court rule;

(e) except when ex parte relief is sought, include a current list of interested persons, indicate the existence and form of incapacity of any of them, the mailing addresses of the persons or their representatives, the nature of representation and the need, if any, for special representation.

Petitioner claims that the trustee's petition did not include the contents required by the above rule. However, MCR 5.113(A) provides that "[i]f the State Court Administrative Office [SCAO] has approved a form for a particular purpose, it must be used when preparing that particular document for filing with the court." The form used by the trustee was titled "ACCOUNT OF FIDUCIARY, LONG FORM," the box for "Annual" was checked, and the form indicated that it was approved by SCAO. Petitioner argues that this form was only approved for use in estate cases. Although the statutes and court rules listed on the form do not refer to trust proceedings, petitioner fails to establish that the form was not approved for use in cases involving trusts. At the hearing, the trustee argued that the form for the tenth annual account was the same form that had been used for the previous nine accounts. Thus, petitioner fails to establish error. Moreover, petitioner claims that he was "ambushed" and unable to respond because the petition did not contain sufficient allegations and representations and did not identify the statutes and court rules under which it was brought. Petitioner, however, filed objections to the tenth account, and he fails to identify any additional objections that he was precluded from raising below. Therefore, any error was harmless.

## C. SUBJECT-MATTER JURISDICTION

Petitioner contends that the probate court lacked jurisdiction to allow the tenth account and award attorney fees. We disagree.

Petitioner argued below that the probate court lacked subject-matter jurisdiction to allow the tenth annual account, but the probate court did not address or decide the issue. Nonetheless, "[a] party may attack subject-matter jurisdiction at any time, and a proven lack of subject-matter jurisdiction renders a judgment void." *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012). "Whether a court has subject-matter jurisdiction is a question of law subject to review de novo." *Id*.

Petitioner argues that the probate court did not have jurisdiction to allow the tenth annual account because the tenth annual account did not relate to proceedings from which an appeal was taken. MCR 7.208(D) provides that "[t]he probate court retains continuing jurisdiction to decide other matters pertaining to the proceeding from which an appeal was filed." According to petitioner, the tenth account requested attorney fees for managing property that was part of the Estate (10301 Joy Road, Detroit, Michigan), as well as appellate fees, and, therefore, did not relate to the proceedings that were already on appeal. The tenth account, however, does not refer to any

-13-

actions taken regarding property located at Joy Road. And while the tenth account does include fees related to work on the appeal, the appeals were related to the same proceeding because both involved the Trust. Therefore, petitioner fails to establish that attorney fees for appellate work were barred by MCR 7.208(D),[5] and otherwise fails to establish that the probate court lacked jurisdiction to allow the tenth account and attorney fees.

Petitioner also argues that the probate court exceeded its jurisdiction by making an award of attorney fees directly to the law firm of the trustee's attorney, rather than to the trustee. MCL 700.7904 provides, in relevant part:

> (1) In a proceeding involving the administration of a trust, the court, as justice and equity require, may award costs and expenses, including reasonable attorney fees, to any party who enhances, preserves, or protects trust property, to be paid from the trust that is the subject of the proceeding.

> (2) Subject to subsection (3), if a trustee participates in a civil action or proceeding in good faith, whether successful or not, the trustee is entitled to receive from trust property all expenses and disbursements including reasonable attorney fees that the trustee incurs in connection with its participation.

Although this statute expressly provides for an award of attorney fees to a trustee, petitioner fails to establish that the court is otherwise prohibited from awarding fees directly to the attorney or law firm representing a trustee. Nonetheless, even if this was error, petitioner fails to explain how he was prejudiced by awarding attorney fees directly to Miller Canfield, which would have ultimately received the fees anyway. He merely argues that the direct payment "indicates some scheme is underway," but he fails to support this argument. Thus, any error was harmless.

## D. OBJECTIONS TO ATTORNEY FEES

Petitioner contends that Judge Burton exhibited bias and erred by refusing to consider his other objections to the requested attorney fees. We disagree.

A probate court's dispositional rulings and decision whether to award attorney fees are reviewed for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App at 128.

At the September 12, 2017 hearing, the trustee indicated that petitioner objected to the legal fees, but the attorney's rate had already been approved. As previously noted, petitioner did not attend this hearing to be heard on his objections, and the court stated that it would have been helpful if petitioner had been present to explain how his objections differed from those that were previously addressed. In overruling petitioner's objection, the court relied on the representations made by the trustee's attorney. Contrary to petitioner's argument, the court did not refuse to

---

[5] In urging a different result, petitioner directs our attention to *Edge v Edge*, 299 Mich App 121, 133; 829 NW2d 276 (2012), where this Court concluded that the circuit court had no authority under statute or court rule to award appellate fees. That case, however, did not involve the administration of a trust.

consider his objections, but rather heard the trustee's response to the objections and rejected the objections on the basis of the representations made by the trustee's attorney. Given petitioner's failure to appear at the hearing, the court did not abuse its discretion by rejecting petitioner's objections and allowing the tenth account and attorney fees. On appeal, petitioner lists his objections to the attorney fees but fails to provide any argument in support of those objections; therefore, he fails to establish error requiring reversal. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court.").

## E. NO-CONTEST CLAUSE

Next, petitioner argues that Judge Burton exhibited bias and erred by refusing to determine whether the trustee and Hallquist violated the no-contest provision of the Trust. We disagree.

A probate court's dispositional rulings are reviewed for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App at 128.

In his objections to the tenth account, petitioner claimed that the trustee should forfeit his share of the Trust. At the hearing, the court stated that it did not understand the request and that it would have been helpful if petitioner had attended the hearing and explained why the court should consider this request.

The no-contest clause at issue provides in relevant part:

> If any person, including a beneficiary, other than me, shall in any manner, directly or indirectly, attempt to contest or oppose the validity of this agreement, including any amendments thereto, or commences or prosecutes any legal proceedings to set this agreement aside, then in such event such person shall forfeit his or her share, cease to have any right or interest in the trust property, and shall be deemed to have predeceased me.

> * * *

> A court action to clarify my intent, or to obtain authority to take steps reasonably calculated to protect my estate, will not give rise to any penalty under this Section. . . .

In *In re Miller Osborne Perry Trust*, 299 Mich App 525, 530; 831 NW2d 251 (2013), this Court explained that no-contest clauses are valid and enforceable, but they must be strictly construed. Thus, the trustee's and Hallquist's distributions may be forfeited only if their actions "come strictly within the express terms of the no-contest clause at issue." *Id.* (quotation marks and citations omitted). According to the provision at issue, a person forfeits his or her share and ceases to have any right or interest in the Trust if the person, directly or indirectly, attempts to *contest or oppose* the validity of the Trust or commences or prosecutes any legal proceedings to *set aside* the Trust.

Petitioner argues that the trustee and Hallquist invoked the no-contest clause by (1) filing the petition for declaratory judgment, (2) orally requesting that petitioner repay $89,100 in loans, (3) taking frivolous actions regarding certain real property, (4) engaging in fraud to undermine the

-15-

Trust, (5) paying the legal fees of Hallquist and Karen, and (6) executing a promissory note in violation of the terms of the Trust. According to petitioner, through their actions, the trustee and Hallquist attempted to modify the terms of the Trust and alter the distributions. Petitioner, however, does not allege that the trustee or Hallquist contested, opposed, or sought to set aside the Trust through any of their challenged actions. And after reviewing each of the actions taken by the trustee and Hallquist that petitioner complains of, it is clear that the trustee and Hallquist never contested, opposed, or sought to set aside the Trust, so their actions did not come strictly within the express terms of the no-contest clause. Petitioner is therefore not entitled to relief.

## F. DENIAL OF DISCOVERY

Petitioner argues that Judge Burton erred by refusing to permit discovery with regard to the tenth account. We disagree.

This Court "review[s] the grant or denial of a discovery motion for an abuse of discretion, reviewing questions regarding the interpretation of the related court rules de novo." *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 320; 900 NW2d 680 (2017) (quotation marks and citation omitted). "A trial court abuses its discretion when it chooses an outcome falling outside the range of reasonable and principled outcomes, or when it makes an error of law." *Id.* (quotation marks and citation omitted).

Petitioner requested that discovery be extended in his objections to the tenth account. At the hearing on the tenth account, the court stated that it had previously terminated discovery, "which had gone on for well over two years." As discussed earlier, petitioner's objections to the tenth account were filed the day before the hearing, and petitioner did not attend the hearing on his objections. The court stated that it would have been helpful if petitioner had appeared at the hearing and explained how his objections differed from those previously addressed, and the court ultimately allowed the tenth account. On appeal, petitioner fails to explain why additional discovery was required by law or how it would have resulted in a different outcome. Therefore, he fails to establish that the court abused its discretion by failing to allow discovery with regard to the tenth account.

## G. BILL OF PEACE

Petitioner contends that Judge Burton erred by sua sponte enjoining him from filing requests for reconsideration or rehearing. We disagree.

"A bill of peace is an equitable remedy which is issued to ensure that a right established at law is given the adequate protection to which it is entitled." *Hooker Chemicals & Plastic Corp v Attorney General*, 100 Mich App 203, 207; 298 NW2d 710 (1980). This Court reviews a trial court's equitable decisions de novo, and its findings of fact for clear error. *Eller v Metro Indus Contracting, Inc*, 261 Mich App 569, 571; 683 NW2d 242 (2004).

"[A] bill of peace is a proper remedy to prevent the vexatious recurrence of litigation. A bill of peace will lie, after repeated trials at law and satisfactory verdicts, to have an injunction against further litigation." *Hooker Chemicals*, 100 Mich App at 208 (quotation marks and citation omitted).

On July 13, 2017, the court entered an order granting a bill of peace on the basis of petitioner's "vexatious recurrence of litigation," precluding petitioner from filing any additional motions for reconsideration or rehearing in this matter. This order was entered after petitioner had filed numerous motions related to the ninth account, which the court had already allowed. The court found that because the repeated filings rehashed the same issues, they constituted a "vexatious recurrence of litigation."

Preliminarily, the trustee argues that because petitioner did not file an appeal from the July 13, 2017 order, this issue should not be considered on appeal. In *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 353; 833 NW2d 384 (2013), this Court explained:

> With respect to probate cases, this Court has jurisdiction of an appeal of right from "[a] judgment or order . . . from which appeal of right to the Court of Appeals has been established by law or court rule." MCR 7.203(A)(2). In a proceeding involving a decedent's estate or trust, "[o]rders appealable of right to the Court of Appeals are defined as and limited to . . . final order[s] affecting the rights or interests of an interested person . . . ." MCR 5.801(B)(2); see also MCL 600.861(a) and MCL 700.1305. Those "final order[s]" of the probate court that are appealable by right to this Court are further "defined . . . and limited" by MCR 5.801(B)(2)(a) through (ee).

A bill of peace, or an order otherwise enjoining a party from filing motions, is not a final order under MCR 5.801(A)(2). Therefore, the probate court's July 13, 2017 order was not appealable by right and petitioner could not have filed a claim of appeal from that order. Nonetheless, petitioner properly filed a claim of appeal from the September 12, 2018 order and is free to challenge all prior nonfinal orders. See *Dean v Tucker*, 182 Mich App 27, 31; 451 NW2d 571 (1990). Therefore, petitioner has properly raised this issue on appeal.

Turning to the merits of petitioner's claim, we agree with petitioner that it was improper for the court to issue a bill of peace in order to preclude him from filing motions for reconsideration or rehearing. Under the relevant caselaw, it appears that a bill of peace is intended to prevent new litigation, not enjoin motions for reconsideration. See *State Mut Rodded Fire Ins Co of Mich v Engel*, 269 Mich 348, 350; 257 NW 839 (1934); *Hooker Chemicals*, 100 Mich App 203.

Nonetheless, the probate court had authority to enjoin petitioner from filing additional motions under MCL 700.1309(b), which governs injunctions. Under MCL 700.1309(b), a court may

> [e]njoin a person subject to the court's jurisdiction from conduct that presents an immediate risk of waste, unnecessary dissipation of an estate's or trust's property, or jeopardy to an interested person's interest. Under this subdivision, the court shall not enjoin a respondent in a proceeding to appoint a guardian or conservator or enjoin a ward or protected individual. An enjoined person shall be given a prompt hearing, if requested, to show cause why the order should be terminated.

Because the court did not apply this statute, it did not expressly find that petitioner's conduct presented an immediate risk of waste, unnecessary dissipation of the Trust's assets, or

-17-

jeopardy to an interested person's interest. Nonetheless, the court found that petitioner was "rehashing the same issue," and the court explained that it was issuing the bill of peace in order "to conserve limited judicial resources." The court stated that the parties were entitled to finality at some point and that petitioner was precluded "from filing anymore of these unnecessary harassing motions and pleadings." Accordingly, the court, in effect, found that petitioner's unnecessary filings presented an immediate risk of waste and unnecessarily dissipated the assets of the Trust. Those findings are not clearly erroneous given petitioner's repeated filings, which required responses from the trustee and hearings to be held by the court. Although petitioner was entitled to request a hearing under MCL 700.1309(b), he fails to establish that he was prejudiced by the court's failure to provide him with a hearing. Petitioner also fails to identify any issues that he was prohibited from raising. Therefore, any error was harmless.

## H. REMOVAL OF TRUSTEE

Petitioner also argues that the probate court abused its discretion by refusing to remove the trustee. We disagree.

"A probate court's decision whether to remove a trustee is reviewed for an abuse of discretion." *In re Baldwin Trust*, 274 Mich App 387, 396; 733 NW2d 419 (2007), aff'd but criticized on other grounds480 Mich 915 (2007).

MCL 700.7706(2) governs the removal of trustees and provides:

> The court may remove a trustee if 1 or more of the following occur:
>
> (a) The trustee commits a serious breach of trust.
>
> (b) Lack of cooperation among cotrustees substantially impairs the administration of the trust.
>
> (c) Because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the purposes of the trust.
>
> (d) There has been a substantial change of circumstances, the court finds that removal of the trustee best serves the interests of the trust beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available.

On appeal, petitioner fails to address this statute and argues only that removal of the trustee was mandatory "given his dishonesty and misdeeds." Petitioner, however, fails to articulate what actions of the trustee were dishonest or constituted misdeeds that warranted removal. Thus, he fails to establish that removal of the trustee was required and that the court abused its discretion by denying his request.

## I. JUDICIAL BIAS

Finally, petitioner argues that Judge Burton abused his discretion by failing to sua sponte recuse himself for bias, extreme animus, and improper ex parte communications with the trustee's attorney. We disagree.

Petitioner suggests that Judge Burton engaged in ex parte communications with the trustee's attorney, but he fails to provide citations to the record or establish when such communications occurred. He refers to a "cluster" of hours charged around the time of the motion to show cause hearing and the court's refusal to enter five pretrial orders, but he fails to establish that any communications between Judge Burton and the trustee's attorney were ex parte. Petitioner also argues that Judge Burton displayed deep-seated antagonism and threatened to hold petitioner in contempt or exclude him from court. Petitioner, however, fails to provide examples or citations to the record to support his claims. Moreover, the probate court's rulings and remarks, even if critical or hostile towards petitioner, do not establish bias. *Huntington Nat'l Bank*, 305 Mich App at 517. Therefore, Judge Burton did not abuse his discretion by failing to sua sponte recuse himself.

Affirmed.


/s/ Colleen A. O'Brien
/s/ Jane M. Beckering
/s/ Thomas C. Cameron

-19-